FRANCIS ANTHONY PIETRI et al., Appellant, v. LOUIS SEGUENOT, Administrator of PAUL PIETRI, Respondent.

St. Louis Court of Appeals, October 7, 1902.

1. Insurance Company: INSURANCE POLICY: ASSESSMENT PLAN OF INSURANCE: INSURANCE POLICY PAYABLE TO "EXECUTORS OR ADMINISTRATORS," CONSTRUCTION OF: STATUTORY CONSTRUCTION. An insurance company operating on the assessment plan issued a policy, at the request of the insured, payable to his "executors or administrators." The policy was a substitute for a former one and was issued at the request of the insured who asked to have it made payable to his "estate." On the death of the insured, the company paid the fund into court. *Held,* that the next of kin did not take the fund under section 7908, Revised Statutes 1899, discharged of the debts of the deceased.

2. Insurance Policy: WHEN PAYABLE TO CREDITORS: NEXT OF KIN: STATUTORY CONSTRUCTION. Section 7908, Revised Statutes 1899, does not prevent an insured from making a policy payable first to his creditors, and the residue to his next of kin.

3. Contract of Insurance: CONSTRUED ACCORDING TO WHAT LAW. A policy declared that it should be construed according to the laws of the State of New York, but it was delivered in Missouri

where the insured at the time was a resident. *Held*, that the law of Missouri governs the construction of the policy.

4. **Contract: CONSTRUCTION OF: CIRCUMSTANCES: INTENT OF PARTIES.** The circumstances surrounding the execution of a document may be considered in ascertaining the intent of the parties therein.

Appeal from St. Louis City Circuit Court. — *Hon. Franklin Ferris*, Judge.

AFFIRMED.

*Ittner & Buder*, and *Nagel & Kirby* for appellants.

(1) The proceeds of an insurance policy on the assessment plan, as contemplated by art. 2, chap. 119, R. S. 1899, made payable to the executors and administrators of the insured, can not be applied to the payment of the debts of the deceased, and the administrator holds the fund as trustee for the heirs and next of kin of the insured, free from the payment of debts. Sec. 7908, R. S. 1899; Larrabee v. Palmer, 101 Iowa 132; Rhode v. Bank, 52 Iowa 375; Grand Lodge v. Dister, 77 Mo. App. 608.   (2) The statute (sec. 7907, R. S. 1899), prohibiting the issuance of assessment insurance on any life in which the beneficiary has no "insurable interest," is merely declaratory of the common law. Life Ins. Co. v. Rosenheim, 56 Mo. App. 27; McFarland v. Creath, 35 Mo. App. 112.   (3) Both at the common-law and under our statute, the insured may insure his life for the benefit of one who has no insurable interest thereon. Ashford v. Metropolitan Life Ins. Co., 80 Mo. App. 638; McFarland v. Creath, 35 Mo. App. 112; May on Insurance, sec. 399e.   (4) Both the common-law and the statutory requirement of an "insurable interest," were intended (in cases to which they properly applied) for the sole benefit of the insurance company, which has waived the point by paying the pro-

ceeds, and defendant can neither raise, nor benefit, from
that defense.   McFarland v. Creath, 35 Mo. App. 112;
N. Y. Life v. Rosenheim, 56 Mo. App. 27; Johnson v.
Kts. of Honor, 53 Ark. 255; Kts. of Honor v. Watson,
64 N. H. 517.   (5) The defendant (as administrator)
was not a ''beneficiary.''   Hence, the policy was one
upon Pietri's life, in which no beneficiary was named.
McFarland v. Creath, 35 Mo. App. 112.

*Valle Reyburn, R. M. Nichols* and *Bernard Greens-
felder* for respondent.

(1) Where a foreign insurance company does busi-
ness in this State, and issues policies to residents of
this State, the validity of clauses in its policies must be
determined by the laws of Missouri.   Price v. Life Ins.
Co., 48 Mo. App. 281; Daggs v. Ins. Co., 136 Mo. 382;
Cravens v. Life Ins. Co., 148 Mo. 583.   (2) Plaintiffs
not holding the certificate of insurance, and not being
named therein, are not the proper parties to question
the right of the beneficiary named in the certificate to
receive the proceeds of same.   This right to object
belongs to the company alone.   McFarland v. Creath,
35 Mo. App. 124; Life Ins. Co. v. Rosenheim, 56 Mo.
App. 27-36; Johnson v. Van Epps, 110 Ill. 551; Benefit
Association v. Blue, 120 Ill. 121.   (3) Had the deceased
not changed the name of the beneficiary and had his
wife's death occurred before he died, there would have
been a resulting trial in his favor, and the proceeds of
the policy would go to his estate and be administered
upon as all other assets are.   Clark v. Schwartzberger,
126 Mass. 98; Fulle v. Linze, 135 Mass. 468; Bancroft
v. Russell, 157 Mass. 47; Haskins v. Kendall, 158 Mass.
224.   (4) Plaintiffs, to maintain this action, must aver
and prove that they are within one of the class of ben-
eficiaries named in both the laws of the State of New
York or the State of Missouri, and under the provisions
of the by-laws of the association.   Plaintiffs are not
members of the family of the deceased or his assignee,
nor have they any insurable interest in his life.   Grand

Lodge v. Elsner, 26 Mo. App. 108; Order of Railway Conductors v. Koster, 55 Mo. App. 186; Grand Lodge v. McKinstry, 67 Mo. App. 82. (5) Creditors may receive the proceeds of insurance policies issued by companies doing business under the assessment plan with the consent of the company issuing the policy and the assured. Wallace v. Life Assn., 80 Mo. App. 102; Gambs v. Life Ins. Co., 50 Mo. 44; Life Assn. v. Parker, 82 Fed. Rep. 508-527.

BARCLAY, J.—We adopt the clear and succinct statement of the appellant, which gives an outline of the main features of the case.

This suit was brought by the brothers and sisters as the next kin of Paul Pietri, against his administrator, to recover the proceeds of the policy of insurance upon his life issued by the Mutual Reserve Fund Life Association of New York.

Paul Pietri in 1882 insured his life in said company in favor of his wife. In 1894 the wife died leaving no children. Thereafter, Pietri, in 1895, applied to the company for a surrender of his policy and the issuance in lieu thereof of a new policy in favor of "myself," stating in his application as the reason for the desired change: "My wife died and I have no children; so I would like the policy payable to my estate." The new policy was issued January 30, 1895, payable to his "executors or administrators." He paid all premiums up to his death in December, 1896.

Defendant as principal administrator of Pietri's estate received from the insurance company the proceeds of the policy.

At the date of the policy and since then said insurance association was doing an insurance business, conducted upon the assessment plan, as contemplated by article 3, chapter 89, Revised Statutes 1889 (being art. 3, ch. 119, R. S. 1899).

Plaintiffs contend that although defendant, being the administrator named in the policy, had a legal right

to collect the insurance, yet he received it as trustee for the next of kin of the insured, creditors being prohibited participation by Revised Statutes 1899, section 7908, which was then in force as section 5867, Revised Statutes 1889.

That section is as follows:

"Sec. 7908. The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation authorized to do business under this article, shall not be liable to attachment or other process and shall not be seized, taken, appropriated or applied to any legal or equitable process, nor by operation of law, to pay any debt or liability of a policy or certificate holder or any beneficiary named in a policy or certificate."

To the foregoing it may be well to add a few further facts, not disputed.

The case was tried in the circuit court upon an agreed statement, which is somewhat elaborate. It need not be set forth at large. The insured was a resident of St. Louis, Missouri, at the time of his death, which occurred, however, while he was sojourning at New Orleans, Louisiana. An administration upon his estate was instituted in Louisiana, in the course of which the administrator brought a suit in a Federal court there on the policy whose construction is in question now. But the insurance company responded by a bill of interpleader against the Louisiana administrator and the defendant (who had been appointed administrator of the estate in Missouri and claimed the fund) to enjoin the prosecution of their rival claims. The proceedings ensuing resulted in a decree in the United States Circuit Court for the Eastern District of Louisiana enjoining the Louisiana administrator from prosecuting any further suits against the insurance company for the proceeds of the policy which had been paid into court and directing him to pay to the Missouri administrator the fund represented by the policy, amounting to about $3,000 after deducting the local expenses.

Plaintiffs had not been parties to the decree in Louisiana. They brought this suit against the Missouri administrator, claiming the entire proceeds of the policy on grounds which will appear.

The agreed statement of facts furthermore discloses that the expenses of the last illness of deceased and of the administration in Louisiana were discharged by the proceedings in Louisiana, and that the claims of a number of creditors (including some in Missouri) which had been exhibited against the estate in Louisiana were not paid there. Presumably they are unsatisfied.

The case at bar is founded upon a petition stating the relationship of plaintiffs to the deceased as his heirs, the facts showing the insurance by the policy in question, made payable ''to the executors or administrators'' of the deceased; and claiming that the contract is subject to the law of the State of New York, according to its terms, and that by said law it is provided that, ''the money or other benefit, charity, relief or aid to be paid, provided or rendered by any such corporation, association or society, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debt or liability of a member, or the widow of a deceased member of said corporation, designated as the beneficiary thereof.''

The petition, after showing that the fund had reached the possession of the defendant as administrator of the estate of deceased, charges that it was so received as trustee for the use and benefit of the plaintiffs, as the real beneficiaries (under the terms of the policy and of the statute law relating thereto) and that the estate of the deceased has no beneficial interest in the fund. The petition then charges that defendant has refused to pay over the fund to the plaintiffs after due demand, wherefore the latter pray ''that the defendant may be decreed to hold said fund in trust for the plaintiffs, and may be ordered, as administrator as aforesaid, to pay the same over to plaintiffs, together

with the costs of this suit.''

The answer gives a circumstantial account of the insurance, of the proceedings in Louisiana, claims that the law of Missouri governs the construction of the policy, and further sets up the provisions of the constitution and by-laws of the insurance company declaring its objects to be ''to promote the well-being of all its members, and to furnish substantial aid to their families or assigns in the event of a member's death.''

The answer then asserts that plaintiffs were not members of the family of the deceased, nor were they his assigns; and that they are not entitled to receive any part of the proceeds of the policy under the laws of New York, or of the State of Missouri, or under the constitution and by-laws of the insurance company.

Other defenses are also advanced but they need not be recited.

The reply denies the new matter of the answer and avers that plaintiffs possess such an interest and relation to the deceased as warrant their recovery of the fund.

The cause was tried before Judge Ferris, who found in favor of the defendant and dismissed the plaintiff's petition.

In so doing he made the following memorandum:

''The defendant is entitled to the proceeds of this policy as the beneficiary therein, unless the plaintiffs belong to the class which the statute protects as against creditors. I think this class should be limited to the family of deceased, and I think the term 'family' excludes plaintiffs who are brothers and sisters of deceased living apart, and nowise dependent upon him. Therefore, even if it be conceded that the administrator could not hold this fund as against a member of the family, still the plaintiffs are not the direct beneficiaries of the policy and the purpose intended to be accomplished by either the statute of New York or Missouri, taken in connection with the by-laws of the company and the provisions of the policy, does not, under the facts in this case, extend to plaintiffs.''

In due season plaintiffs moved for a new trial upon grounds assigning the points which they now insist upon. The motion for new trial was overruled. After duly saving exceptions to the rulings of the circuit court, plaintiffs brought this appeal. Any further facts necessary to the elucidation of the points discussed will be mentioned in the course of the opinion.

1. The terms of the insurance policy declare that it shall be "construed only according to the laws of the State of New York," and that the "place of this contract" is "expressly agreed to be the home office of said association in the city of New York." Nevertheless, the policy was delivered by the insurer in Missouri of which State the insured at the time was a resident. The laws of this State then in force thereby entered into and became part of the contract of insurance between the parties so far as concerns the interpretation and effect of the terms of insurance to which those laws applied. The making of the insurance contract here between the company and a resident of Missouri impressed upon the transaction the then existing laws of this State, governing such transactions. That rule of law has been most positively laid down by authority which is binding on this court. Daggs v. Ins. Co., 136 Mo. 382; Cravens v. Ins. Co., 148 Mo. 583; Horton v. Ins. Co., 151 Mo. 604. It has been declared likewise in many other cases of which we note a few. Price v. Ins. Co., 48 Mo. App. (St. L.) 281; Summers v. Mut. Aid Assn., 84 Mo. App. (K. C.) 605; Equitable Life Ins. Soc. v. Clements, 140 U. S. 226; Orient Ins. Co. v. Daggs, 172 U. S. 557; N. Y. Life Ins. Co. v. Cravens, 178 U. S. 389; N. Y. Life Ins. Co. v. Russell, 77 Fed. 94. Those decisions all adopt the principle of a leading opinion which expounds the law of this subject with a clearness and force most characteristic of its learned author. White v. Ins. Co., 4 Dill. 177. Following these precedents we must read the contract in question as one not to be excluded from the governing influence of the law of Missouri, in those particulars to which that law applies.

2.    One section of Missouri law (now sec. 7908, R. S. 1899), however, is invoked to sustain the claim of plaintiffs that the fund in defendant's custody is equitably charged with a trust in their favor, and that the terms of the trust forbid the application of any part of the fund to the demands of creditors of the deceased. The section is quoted at length in the opening passages of this opinion. It is supposed to operate to exclude the demands of creditors from any participation in the fund, even where the insured has stipulated for the payment thereof to his "executors or administrators," as in the case at bar.

The purpose of the section is to permit the insured to secure the immunity described, which partakes of the nature of an exemption from liability for debts. But the enactment was not designed and should not be interpreted so as to hamper the freedom of action of an insured who might cherish the commendable wish to discharge his honest obligations before transmitting to others a fund in which he has an interest. In none of the laws which have been cited as applicable is there any hint of an intent to prevent an insured from having his policy in this company so expressed as to make his creditors his first beneficiaries and to provide that, upon satisfaction of their demands and costs of administration, the residue of the insurance fund should pass to his next of kin.

It is entirely proper, not to say imperative, to consider the circumstances wherein originates such a document as is here to be construed, in order to give effect to its true intention. Loose v. Ins. Co., 41 Mo. 538; Griswold v. Sawyer, 125 N. Y. 411. In the case at bar, the insured, after the death of his wife, expressed to the company his wish to have the policy (to quote his very words) "made payable to my estate." In accordance with that wish the company issued the policy in the form already described, payable to his "executors or administrators." It was not made payable to the party himself as in Larrabee v. Palmer, 101 Iowa 132; but the insured himself wished it payable to his estate.

Pietri v. Seguenot.

The words of the policy, "executors or administrators," the parties making the contract at the time evidently understood to mean his "estate." The company sanctioned that designation of beneficiaries.

The evidence of the manner in which the form used in this policy came to be adopted was admitted without objection. We think the fair inference to be drawn from the circumstances point to the conclusion that the insured intended to appoint his creditors as his beneficiaries and after their claims were satisfied, his next of kin. The company faithfully performed its agreement by paying over the fund. It makes no claim to the fund. We discern no ground to exclude the creditors of the insured from such a participation in the fund as the administration law of Missouri permits, and which the insured and the company obviously intended.

3. The views above given of the vital question in the case avert the necessity of discussing any of the minor points advanced with much ability by learned counsel. The conclusion which we have reached concerning the substantial merits of the controversy moreover relieves us of opening any inquiry touching the appropriateness of the remedy invoked by the plaintiffs.

The judgment of the circuit court is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.