GEORGE W. MOORE, Administrator, etc., Respondent, v. THE NORTHWESTERN LIFE INSURANCE CO., Appellant.

**Kansas City Court of Appeals, May 22, 1905.**

1. **LIFE INSURANCE: Benefit Societies: Old Line: Statute.** Following Folkens v. Insurance Co., 98 Mo. App. 480, the defendant is held to be not an assessment but an old line company; and the fact that its policy contains an assessment clause does not prevent it from being a policy of insurance on life within the meaning of section 7897, Revised Statutes 1899.

2. ———: **Conflict of Laws: Minnesota Corporation: Missouri Contract.** Though the defendant is a Minnesota corporation, yet since it is doing a general insurance business in Missouri its policy issued in this State becomes a Missouri contract and is governed by the Missouri statute and not that of Minnesota, notwithstanding the terms of the policy.

3. ———: **Lapsed Policy: Extended Insurance: Values: Evidence.** The evidence relating to the value of a lapsed insurance is considered and the finding of the trial court affirmed.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*C. C. Hammond* and *Brown & Kerr* for appellant.

(1) The Missouri statute is not applicable to the policy in question. (a) Even if applicable there is no showing of any reserve or net value, in fact the testimony shows that the policy had no net value. (b) The statute refers to actual not theoretical value. (2) If plaintiff's theory of the statute was correct the maximum to which

plaintiff would be entitled would be a paid up whole life policy purchased with the theoretical reserve in question, payable at the death of the insured. Nichols v. Ins. Co., 176 Mo. 355. The amount of such a paid up policy is not shown and cannot be surmised. Price v. Ins. Co., 48 Mo. App. 296. (3) The net value of the policy is computed on a given table of mortality, at a specified rate and upon the assumption that during the early years of the risk, the premium being the same each year, the insured pays more than the actual cost of insurance, the excess which is thus paid making good the deficit of the later years when it costs more to carry the risk. Mutual Reserve v. Roth, 122 Fed. Rep. 855; Wilson v. Life Assur. Soc. 73 Pac. (Cal.) 170. (4) The statute of Missouri, secs. 7897, 7898 and 7899, R. S. 1899, had for its purpose the establishment of a rule to enable the assured to reap full benefit of premiums paid before default on his part, and at same time to protect the insurance company, in case it is obliged to pay the full amount of the premiums which the terms of the policy call for. Carter v. Ins. Co., 127 Mass. 153; Ins. Co. v. Howland, 48 Atl. 485; Ind., et seq.; Wilson v. Ins. Co., 73 Pack. (Cal.) 170; Reserve Fund v. Roth, 122 Fed. Rep. 855. Par. 2 Conditions Policy; Nichols v. Ins. Co., 176 Mo. 355.

*Fred Lamb* for respondent.

(1) The policy in suit is subject to the nonforfeiture statutes of the State of Missouri. R. S. 1889, sec. 5855. (2) The statute fixes the rule by which all policies coming within its premises, may be valued and the extended insurance computed. This rule can not be altered or changed by the parties to the contract either directly or indirectly. R. S. 1889, sec. 5856. (3) Under these tables the statute furnishes, within itself, a complete rule for computing and applying net values. Folkens v. Ins. Co., 98 Mo. App. 483; Price v.

Ins. Co., 48 Mo. App. 281; Horton v. Insurance Co., 151 Mo. 604. (See especially syllabi, sections 3 and 4.); Smith v. Ins. Co., 173 Mo. 341; Ins. Co. v. Clements, 140 U. S. 226; Cravens v. Ins. Co., 148 Mo. 601. (4) The statute overrides the freedom of the parties to contract and grafts itself upon the contract, and its provisions cannot be waived or defeated either directly or indirectly by any provision contained in the contract. Price v. Ins. Co., 48 Mo. App. 281; Cravens v. Ins. Co., 148 Mo. 601-2-3 and 4, and cases cited. (5) Common fairness to the trial court demands that every question presented for review to the appellate court must in some way first be called to his attention. No practice has been more severely condemned than that of abandoning the theory upon which a case is tried and attempting to inject new issues in the trial upon appeal. We cite the following: Querbeck v. Arnold, 55 Mo. App. 288; Mantz v. McQuire, 52 Mo. App. 149; Witascheck v. Glase, 46 Mo. App. 214; Tomlinson v. Ellison, 104 Mo. 112; Brooks v. Yocum, 42 Mo. App. 521; Nance v. Metcalf, 19 Mo. App. 190; Walker v. Owen, 79 Mo. 567; Brays' Admr. v. Seligman's Admr., 75 Mo. 40; Dunnigan v. Green, 165 Mo. 113.

BROADDUS, P. J.—The plaintiff sues as administrator of the estate of Thomas Folkens, deceased, upon a life insurance policy issued by defendant for the sum of $1,000 payable to the estate of said Folkens within ninety days after the receipt and acceptance at its home office of satisfactory proof of the death of said insured. The policy was issued on the 9th day of December, 1896, and the insured died on the 29th of June, 1903. The insured paid five annual stated premiums of $13.14 endorsed on the back of said policy the last of which was due and payable December 8, 1901; but thereafter he made no further payments.

The plaintiff seeks to recover under section 7897, Revised Statutes 1899 pertaining to insurance of life, the insured having made five annual payments of prem-

iums and claiming that by reason of such payments a net value fund with four and one-half per cent interest had accumulated in the hands of the defendant and which, as a single premium, carried said policy as extended insurance on the life of insured beyond the date of his death.

The defense is that the policy in question was a contract made in the State of Minnesota, the location of defendant corporation, and that there was not at the time said policy was issued, nor since then, any law of that state requiring defendant to furnish any extended insurance upon the lapsing of said policy, nor was there any law providing for the application of the net value of the same or any other amount to be used as a single premium, or in any other way to carry it as extended insurance.

The defendant relies on certain recitations of the policy to defeat the action, among which are the following: That it was stipulated that the consideration therefor should be the prepayment in advance by the insured to defendant of the sum of $13.14 on the 8th day of December of each year, and that the making of such payment was a condition precedent to the existence of the contract, and that if the said Folkens should fail at any time to make such payments in advance the policy should thereafter *ipso facto* become null and void, and all moneys paid thereon should be forfeited to the defendant. That it was agreed that the balance remaining of the first annual premium paid on said policy by the insured, after providing for its full *pro rata* share of actual death claims, should belong to the general expense fund of the defendant, and should be used only for the expense of operating and maintaining defendant, and that of each annual premium paid there should be deducted the sum of $4 which should belong to the expense fund, which reduced the net premium on said policy to the sum of $9.14; and that it was agreed that if there should be, after said policy had been in force five years, five annual

premiums paid thereon, there should be extended insurance for six months only. The defendant alleges that it was an assessment company and was authorized to do business in this state as such at the time said policy was issued, and that it had no authority to do any other kind of insurance business.

There was no dispute as to the death of the insured and of due proof thereof. Folkens' age at the time the policy was issued was 24 years. It was delivered to him in Chariton county, Missouri. A jury was waived and the case was tried before the court. At the instance of the plaintiff the court gave the following declaration of law: "The court declares that under the law and the evidence in this cause the plaintiff is entitled to recover of the defendant the face of said policy, together with six per cent interest thereon from the filing of this suit, less all premiums that had become due up to the date of the death of deceased, including the whole of the year's premium in which the death occurred, together with six per cent compound interest from the dates such payments were due to the date of this judgment." The defendant asked no declaration of law. On the finding, the court rendered judgment for plaintiff against defendant for $986.69, from which it appealed. It is to be inferred from the declaration of law given by the court that, in deciding the case, the statutes of Missouri and not the statutes of Minnesota were applied to the contract in order to fix defendant's liability.

The testimony of life insurance actuaries was to the effect that, what is called the net level premium of a whole life policy at the age of the insured when the policy was issued was $13; that the premiums or actual cost of carrying the policy, under the mortuary tables, and four and one-half per cent interest for the years during which the premiums were paid were: For the first year, $7.67; for the second, $7.72; for the third, $7.78; for the fourth, $7.84; for the fifth, $7.91. That the whole life policy issued on the life of said Folkens, after

the payment of five full annual premiums, created, when computed from the American experience tables with four and one-half per cent interest, a reserve fund of $31.22; that three-fourths of this fund applied to the purchase of extended insurance carried the policy in force for its full face value for a period of three years and twenty-three days, and beyond the date of the death of the insured.

The defendant contends that it is not liable under section 7897, Revised Statutes 1899, providing: "No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this state . . . after payment upon it of three annual payments shall be forfeited or become void, by reason of non-payment of premiums thereof, but it shall be subject to the following rules of commutation, to-wit: The net value of the policy, when the premium becomes due, and is not paid, shall be computed upon the actuaries' or combined experience table of mortality, with four per cent interest per annum, and after deducting from three-fourths of such net value, any notes or other evidence of indebtedness to the company, . . . the balance shall be taken as a net single premium for temporary insurance for the full amount written in the policy," etc. But defendant claims that it is an assessment company which as such is not subject to the provisions of section 7897, *supra.* Plaintiff admits that if the defendant is an assessment company and issues assessment policies it is not governed by said section, and that by reason thereof he was not entitled to recover.

The same question was raised by defendant in Folkens v. Northwestern National Life Insurance Co., 98 Mo. App. 480. It was there held that defendant was not an assessment but an old line insurance company. The question was gone into by Judge Ellison, who delivered the opinion of the court, and it was discussed at length and the authorities marshaled; and we do not deem it necessary to go over the same question again. Speaking

for myself, I am unqualifiedly of the opinion that there is not a single provision, nor even a word in the policy to indicate that defendant is an assessment company. And because the policy contains an accident clause does not prevent it from being a *policy of insurance on life* within the meaning of section 7897, *supra*. [Logan v. Casualty Co., 146 Mo. 115.]

As the defendant was doing a general insurance business in this state, and the policy was issued to the insured while in the state, it is a Missouri contract and governed by the provisions of said section and not by the laws of the State of Minnesota—notwithstanding, by the terms of the policy, the insured was not entitled to extended insurance until after the expiration of five years, and then only for a period of six months. It was admitted to do business in this state upon condition that it should be governed by her laws, and said section is as much a part of its contract as if it was written in the policy in place of the provisions therein regarding non-forfeiture. [Cravens v. Ins. Co., 148 Mo. 601; Price v. Ins. Co., 48 Mo. App. 281.]

The defendant has entered into a history of life insurance in this state and has quoted excerpts from the expressions of insurance commissions, and also from the works of actuaries, to show that the court adopted the wrong theory in ascertaining the net value of the policy. Space and time forbid that we should follow its course of argument and trace it to the conclusion that the court looked alone to the statute and not to the policy in coming to its conclusion. The position is taken that reference to the statute alone will not determine which of the various classes of life policies is to be valued. Defendant's position is correct, but the conclusion is unsound in the main. The court looked to the policy and then to the statute, and then came to the conclusion that the policy was an insurance on life within the meaning of the statute as was held in Folkens v. Ins. Co., *supra*.

The argument is made that net values under all the different classes of insurance on life are not the same. This is true. And the statute does not contemplate that they should be. But the statute does contemplate that all insurance policies containing certain characteristics should be considered as insurance on life. [Sec. 7852, R. S. 1899.] Therefore, it is contemplated that in order to ascertain the net value of a policy at a given time we must look to the policy in order to determine whether it comes within the purview of the statute, and to ascertain the premiums provided for. The premium the assured has paid, under his contract, is the basis for ascertaining the net value. It could be ascertained in no other manner. The statute is not an arbitrary rule, but can be applied to all classes of policies coming within its meaning providing for different premium rates. The evidence in the case shows that the premiums paid was the basis adopted for ascertaining the net value of the policy. The finding was in that respect proper.

But it is insisted that the finding is incorrect because allowance was not made for future charges. We think this an entire misapprehension. As the effect of the statute is to create a paid-up policy, there could be no future expense attached to it. Besides, the statute makes due allowance in two ways for future expense and charges. First, in allowing the company in the adjustment one-fourth of the net value of the policy; and, second, in providing, in section 7899, idem, that "the company shall have the right to deduct from the amount insured in the policy the amount compounded at six per cent interest per annum of all premiums that had been forborne at the time of the decease, including the whole of the year's premium in which the death occurs," etc. The proper deduction was made by the court in its judgment.

The court in its finding and judgment was not called upon to take into consideration the various theories of

learned actuaries, but to merely apply in its only practical manner the statute and whether or not allowance was made for future charges does not matter, if the court in its findings complied with the statute which became a part of the contract. We think the court in its findings complied with the law in every particular.

Affirmed. All concur.