NORA H. WILSON, Administratrix, etc., Respondent,
v. GENERAL ASSEMBLY OF THE AMERICAN
BENEVOLENT ASSOCIATION, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. **BENEFIT SOCIETIES: Exemptions: Test: Policy.** It is not
the nature of the society but the terms of the contract in suit
which determined whether the exemptions from the general
statute apply in the given case.

2. ———: ———: ———: ———: **Beneficiary.** Where the bene-
ficiary of a certificate is the member's estate the contract does
not come under the exemption of the statute and the general
law applies in determining the rights of the parties. (Western
v. Supreme Lodge, 196, Mo. 670, distinguished.)

Appeal from Linn Circuit Court.—*Hon. John P. Butler,*
Judge.

AFFIRMED.

*Edwin S. Puller* and *Tunnell & Hart* for appel-
lant.

(1) All questions with regard to the character of
the appellant as to whether or not it is a fraternal
beneficiary association are disposed of so far as this
appeal is concerned by the fact that the trial court
found that the appellant was a fraternal beneficiary
association and so instructed the jury, and no excep-
tions were saved to the giving of the same by the re-
spondent. Westminster College v. Pierson, 161 Mo.
286.

*Burns & Burns* and *West & Bresnehen* for respond-
ent.

In consideration of a flat premium defendant agreed
to pay to the insured's administrator the sum of nine
hundred dollars. This makes it an old line policy. It
is conceded that for more than nine years and until

his death the premiums were paid; that the insured died at the time stated in the petition; that the plaintiff is the duly appointed, qualified and acting administrator of the insured's estate; that proper notice of the insured's death was given to defendant and that defendant denied liability. Under these admitted facts, the plaintiff, under all the authorities, was entitled to a peremptory instruction. Harzberg v. Modern Brotherhood, 110 Mo. App. 328; Dennis v. Modern Brotherhood, 119 Mo. App. 210; Toorney v. K. of P., 147 Mo. 129; Aloe v. Life Association, 164 Mo. 675; Folkens v. Insurance Co., 98 Mo. App. 480.

ELLISON, J.—This action is based on what defendant says is a benefit certificate issued by a fraternal benefit society for nine hundred dollars. The judgment in the trial court was for the plaintiff.

The plaintiff contends that while the defendant may be organized as a fraternal benefit society, yet it has made a contract in this case which is not entitled to the privileges and immunities granted to such societies by the statute whereby they are exempted from certain provisions as to representations, suicide, etc., which are applicable to general life insurance companies. The defense is that the deceased member was afflicted with epilepsy and that he made false representations in regard thereto. If the defendant is entitled in this case to the protection of the statute referred to it is not liable. [R. S. 1899, sec. 1408.] If it is not so entitled, then under the terms of the general statute, such representations will not avoid the policy and it is liable. [R. S. 1899, sec. 7890.]

In this State it is settled that it is not the nature of the society, but the terms of the contract in suit which determines whether its exemption from the general statute shall apply in that case. [Toomey v. Supreme Lodge, 147 Mo. 129; McDonald v. Life Assn., 154 Mo.

618; Aloe v. Fidelity Assn., 164 Mo. 675; Logan v. Casualty Co., 146 Mo. 115.] In other words, a fraternal society, or an assessment association, which executes such a contract as the statute authorizes it to execute, is entitled to the exemptions from the general law as to false representations, suicide, etc. But if it executed a contract not so authorized then, as to that contract, it is not entitled to such exemptions. When the certificate in controversy was issued in 1896, the statute (R. S. 1899, sec. 2823), named as beneficiaries of such contracts the following classes: "members and families, widows, orphans or other kindred dependent on deceased members." When the deceased died in 1905, the statute (R. S. 1899, sec. 1408), provided that "Payments of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member."

In this case, the contract in the certificate is not within the terms of either of those statutes. The beneficiary is the "legal representative" of the member, and this action is brought by the administratrix of the member's estate. The fund sought to be collected would go to the general estate, and possibly be taken up by creditors, and never reach those the statute sought to protect. The contract is one that does not come under the exemption of the statute and consequently the general law applies; and so we have decided in other cases [Herzberg v. Brotherhood, 110 Mo. App. 328; Dennis v. Brotherhood, 119 Mo. App. 210]. In the latter case we held (p. 222) that the general statute taking away the defense of suicide or false representations, would apply to associations like this defendant which had not contracted within the limits of the statute granting them the exemptions stated.

But we are cited to Westerman v. Supreme Lodge, 196 Mo. 670, as deciding that the character of the association determines the applicability of the statutes,

thereby qualifying the Toomey, McDonald and other cases to which we have referred. We think that case does not bear such interpretation, but on the contrary Judge Fox, who wrote the opinion, disclaims such scope for the decision. That case, unlike this, did not involve a contract differing from that authorized by the statute. That case represents an effort made to apply the general life insurance statute providing for paid-up or extended insurance, to fraternal insurance. It was held that from the nature of the two organizations it could not be done. That extended or paid-up insurance, was founded on a reserve fund belonging to each policy-holder in general life insurance, which could not exist in fraternal insurance. We may say here, by way of parenthetical remark, that though the point was not made or suggested in Folkens v. Insurance Co., 98 Mo. App. 480, and was in consequence not considered, yet the defendant there was nothing more nor less than an ordinary life insurance company operating on a plan without provision for assessment in any form against its members, but attempting by indirection to secure the exemptions provided for assessment associations. It was so looked upon in the subsequent case of Moore against the same defendant in 112 Mo. App. 696. The Westerman case contains no suggestion of overruling the former decisions of that court to which we have referred. On the contrary it distinguishes them, and, as will be seen by reference to pages 733, 734 and 741 of the report, recognizes that certain forms of certificates would not be protected by the fraternal benefit statute, but would fall under the terms of the general statute.

The foregoing considerations lead to an affirmance of the judgment and we need not consider questions raised as to instructions or evidence. All concur.