FRANK HAVEN, Appellant, v. THE HOME INSUR-
ANCE COMPANY et al., Respondents.

Springfield Court of Appeals, July 7, 1910.

1. LIFE INSURANCE: Conflict of Laws: Foreign Insurance Policy: Policy Issued in Missouri is Governed by Missouri Laws. Where a policy of life insurance is issued in Missouri by a foreign insurance company, this is Missouri business and the policy must be construed according to Missouri laws, notwithstanding the policy contains a provision that it should be construed under the laws of a foreign state.

2. ———: Wife Named as Beneficiary: Divorce Granted to Wife for Husband's Fault: Changing Beneficiary. Where the husband takes out a life insurance policy, payable to his wife, and afterwards the wife gets a divorce from the husband for his fault, the husband has a right, under section 7895, Revised Statutes

Haven v. Home Ins. Co.

1899, to change the beneficiary in the policy, though the former wife and the insurance company object to such change.

3. ———: ———: **Changing Beneficiary: Where Wife is not Sole Beneficiary.** The provisions of section 7895, Revised Statutes 1899, do not apply in case the policy insuring the life of a husband confers an interest upon some person in addition to the wife, or contingent upon the wife not surviving the husband; but where a policy is made payable to a wife, or in case she should die before the insured, it should then be payable to the insured's estate, such a provision does not bring the policy within the above rule.

4. **STATUTORY CONSTRUCTION: Divorcement: Definition: Life Insurance.** The ordinary meaning of the word divorcement is practically the same as divorce, and simply means a legal dissolution of the marriage contract without any distinction as to who was in fault in bringing about the dissolution, and this meaning is given to the word in construing section 7895, Revised Statutes 1899.

5. ———: **Exemption Statute: Liberal Construction: Life Insurance.** Section 7895, Revised Statutes 1899, being in the nature of an exemption statute, must receive a liberal construction so as to perpetuate its purpose and spirit.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*Thomas & Hackney* for appellant.

(1) The insurance contract being executed here is subject to the laws of Missouri, anything in the contract to the contrary notwithstanding. Cravens v. Ins. Co., 148 Mo. 583; Insurance Co. v. Cravens, 170 U. S. 389; Insurance Co. v. Cohen, 170 Mo. 262. (2) The plaintiff and the defendant, Pearl L. Haven, having been divorced by the judgment and decree of the court, plaintiff was and is entitled to change the beneficiary in the policy of insurance. R. S. 1899, sec. 7895.

*Hockensmith* and *Braerton* for respondent, Pearl L. Haven.

(1) If a literal interpretation of the statute will distort it from its true purpose, or lead to unjust, oppressive or absurd results, the presumption is that the legislature intended an exception to its language and this is true where there is neither obscurity or anything equivocal in the language of the law itself. 1 Kent's Comm. 464; Sutherland on Statutory Construction, 448; Perry v. Strawbridge, 209 Mo. 621; State v. Clinton, 67 Mo. 390; Burt v. Ins. Co., 187 U. S. 362. (2) Section 7895 does not apply to the character of policy in the case at bar. Blum v. Ins. Co., 197 Mo. 527. (3) No man should obtain a legal right through the commission of a legal wrong by him. Perry v. Strawbridge, 209 Mo. 621.

COX, J.—On August 24, 1903, the defendant insurance company issued to the plaintiff a policy of insurance number 119387, whereby it agreed to pay five thousand dollars to Pearl L. Haven, the wife of plaintiff if she survive her husband the insured; otherwise, the insured, his executors, administrators or assigns was the payee. This was a twenty-year tontine policy, the annual premium being $197.75. The plaintiff lived at Carthage, Jasper county, at the time and the policy was delivered to him there.

On March 4, 1908 Pearl L. Haven was granted a divorce from the plaintiff by the circuit court of Jasper county for the fault of plaintiff. There was at the time living children born of this marriage, to-wit: Ina, Edna, Mary, Helen and Frank Haven. On December 21, 1908, plaintiff applied to defendant Home Insurance Company to have the name of the beneficiary in the policy changed from Pearl L. Haven to his five children aforesaid. The insurance company refused to make the change without the consent of Pearl L. Haven.

Thereupon plaintiff brought this suit in equity asking to force the change to be made alleging the facts as above set out. Defendant Pearl L. Haven answered admitting the granting of the divorce and alleging it was for the fault of her husband and asserting that she had an interest in the policy and was unwilling to consent to the change. The insurance company answered alleging that the beneficiary named in the policy had refused to consent to the change and that the policy provided that it should be construed under the laws of the State of New York, and that State did not permit the change in the name of the beneficiary to be made without the consent of said beneficiary. Plaintiff replied with a general denial. Upon the trial the policy was offered in evidence by the plaintiff; also the application of plaintiff to have the name of the beneficiary changed and designating his children as the ones he desired to be substituted for Pearl L. Haven, the one named in the policy. Plaintiff also testified that he had paid all the premiums from the time the policy was first issued. No evidence was offered on the part of defendant. The court upon these facts dismissed plaintiff's bill and plaintiff has appealed.

No evidence was offered as to what the provisions of the law of New York are in relation to this question and if it had been shown that they were different from our statute yet under the evidence in this case, this was Missouri business by a foreign insurance company, and, hence, this policy would have to be construed according to the Missouri law. [Moore v. Insurance Co., 112 Mo. App. 696, 702, 87 S. W. 988; Craven v. Insurance Company, 148 Mo. 583, 601, 50 S. W. 519.]

The contention in this case rests upon the construction to be given section 7895, Revised Statutes 1899 which is as follows:

"Policy for benefit of married women: Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed

to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors, and administrators of the husband; provided, however, that in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary, upon written notice to the company, but such notice shall not be effected, unless indorsed upon the policy by the president or vice-president and secretary of the company issuing the policy. But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemptions from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors."

Appellant contends that under this statute and the terms of this policy he has the right to designate another beneficiary upon the granting of the divorce to his wife. While respondent contends that this statute does not apply in this case for two reasons. First: that the divorce in this case was granted for the fault of the husband and to permit plaintiff after the divorce has been granted to designate another beneficiary and destroy the wife's interest in the policy would be to permit him to take advantage of his own wrong. Second: Because this policy provides that upon the death of the beneficiary prior to the death of the plaintiff the policy would then be payable to the insured's executors, administrators or assigns, and, hence, there is another party interested as beneficiary in the policy other than the wife and for that reason this section of the statute does not apply.

The construction of this statute was before the Supreme Court of this State in the case of Blum v. New York Life Insurance Co., 197 Mo. 513, 95 S. W. 317, and the same point was made in that case that is made in this but the court held in that case that it was

unnecessary for them to pass upon that question and expressly refused to do so, and, hence, we are left without any precedent in that court upon which to determine the question involved in this case. It was there held that a policy issued prior to the enactment of section 7895 was not affected by that section. The policy in question in this case was issued since the enactment of that section, hence, it comes squarely under its provisions, and the provisions of that section are to be read into this policy and its terms are to be construed in the light of the fact that the parties to the contract of insurance knew of its provisions at the time the contract was executed. [Reed v. Painter, 129 Mo. 674, 680, 31 S. W. 919; Wolff v. Berning, 74 Mo. 87, 96; Isenhour v. Barton Co., 190 Mo. 163, 88 S. W. 759.]

The position of respondent that a policy which confers an interest upon some person other than the named beneficiary or the plaintiff does not come under this statute is correct, and it has been expressly so held. [Blum v. N. Y. Life Insurance Co., supra.] But as we view it the provision in this policy that in case the beneficiary should die before the insured the policy should then be payable to the insured's estate does not bring this policy within the rule above announced for it would seem to be too clear for argument that if the only beneficiary in this policy had been the executors or administrators of the plaintiff that he could have changed the beneficiary at will.

We come now to the construction of section 7895 and that portion of it which is called in question here reads as follows:

"Provided, however, that in the event of the death or divorcement of the wife before the decease of the husband he shall have the right to designate another beneficiary upon written notice to the company," etc. The question to be determined is whether this provision applies in all cases of divorce between husband and wife or whether it is to be limited to those cases in

which the divorce shall be granted for the fault of the wife. In construing statutes there are two things that must be constantly borne in mind. One is that the words used are to be construed according to their ordinary meaning. Another is that the purpose to be attained by the statute or the mischief to be prevented should be kept in mind in determining what the Legislature meant by the enactment of the statute.

The question here turns upon the meaning of the word divorcement. The word is defined by Webster to mean "dissolution of the marriage tie, divorce, separation." Divorce is defined by the same author "A legal dissolution of the marriage contract by a court or other body having competent authority." The word divorce is also defined by Bouvier to mean a dissolution or partial suspension by law of the marriage relation, and we think that in common legal parlance the term divorce is used indiscriminately to express a legal dissolution of the marriage relation without any distinction as to who was in fault in bringing about the dissolution, and our conclusion is that the ordinary meaning of the word divorcement is practically the same as divorce and simply means a legal dissolution of the marriage contract and is not restricted to one party or the other, so that, unless the policy of the law and the purpose to be obtained in the enactment of this statute requires a restriction, or a different construction to be put upon this language, the contention of appellant must be upheld in this case.

While the contract of marriage is often denominated a civil contract and it is universally held to be a civil contract yet it is more than a civil contract. The public is also to a limited extent a party to all marriage contracts and especially is the public interested in the dissolution of marriage contracts, and, hence, the parties to it cannot dissolve it at will but it can only be dissolved in the manner provided by law, hence, we take it that the general policy of the law as applied to the

marriage relation and its dissolution should be taken into consideration in interpreting all statutes relating thereto.

The statute in controversy taken as a whole is in the nature of a statute of exemption and is intended to clothe the husband with the power to provide for his wife in a way that cannot be interfered with by his creditors. This purpose is made clear by the latter provision of this section in which it is provided, "But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemption from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors."

This statute then being in the nature of an exemption statute must receive a liberal construction so as to effectuate its purpose and spirit. [Wauschaff v. Masonic Mutual Benefit Association, 41 Mo. App. 206, 211; Casebolt v. Donaldson, 67 Mo. 308.]

When we revert to the purpose of the husband in taking out this policy it is clear that his desire to provide for his wife after his death was uppermost in his mind at the time the policy was secured, and it is also clear that at that time no thought entered his mind of a possibility of a separation between him and his wife, but he evidently secured the policy and paid the premiums for the purpose of providing for his wife only upon condition that she should remain his wife up to the time of his death.

If we are to hold that this statute is to be limited to those cases only in which the divorce shall be granted for the fault of the wife, then, after divorce we are attempting to force the husband to continue to provide for his divorced wife even though he be under no legal obligation to support her, and in the face of the fact that there would be no moral obligation upon him to support her, and further that the conditions would be

such that in all probability he would absolutely refuse to do so.

It is contended by respondent that the wife Pearl L. Haven had a vested interest in this policy from the date of its issue and that the husband nor the insurance company can deprive her of that right. This has been held to be the law but it has arisen in cases involving the right to collect the policy after the death of the insured, and in those cases it has been held that the interest of the wife did become vested at the date of the issuance of the policy and that the subsequent acts of the husband and the insurance company did not deprive her or her heirs of the right to collect the policy if it were kept alive until the death of the insured. [U. S. Casualty Company v. Kacer, 169 Mo. 301, 69 S. W. 370; Blum v. N. Y. Life Insurance Company, 197 Mo. 513, 95 S. W. 317; Diehm v. The Insurance Co., 129 Mo. App. 256, 108 S. W. 139.]

While the law remained in that condition the divorce of the wife even for her fault would not deprive her of her vested interest in the policy.

The legislature is presumed to have been familiar with the condition of the law at the time they enacted the statute in question. It is to be presumed that they knew at that time that the death of the wife, in the absence of an express provision in the policy, would not deprive her estate of her interest in the policy. Keeping this in view and also the fact that this statute is in the nature of a statute of exemption and that the purpose to be carried out by the change in the statute was to place it within the power of the husband securing the issuance of the policy to provide after his death for those dependent upon him for support we think the interests of a sound public policy will be subserved by giving to the words of this statute their ordinary meaning and making this provision apply to all cases in which the husband and wife may become divorced without any reference to whose fault brought about the

separation and the divorce. A different construction would be to compel the husband, as he had a right to do under the terms of this policy, to surrender it and take up its cash value, or to induce him to refuse to pay the premiums which would result in the policy lapsing, or, at least, becoming very much deteriorated by reducing the amount of paid up insurance which, under the laws of this State, would accrue to the beneficiary in the policy by reason of the fact that the required number of premiums had been paid to bring those provisions of the law into operation.

Our conclusion is that the purpose underlying this statute is to vouchsafe to the husband without regard to who was in fault in the divorce proceedings the same freedom of action in providing for those whom he might be under some moral obligation to provide for after his death that he would have had if the marriage relation had never existed between him and the defendant Pearl L. Haven. The purpose underlying all contracts of life insurance where the policy is secured and the premiums paid by the insured is to provide for those dependent upon him after his death and when the divorce between him and his wife was granted he would no longer feel the obligation to provide for her resting upon him, and for this reason we think the intention of the Legislature was to leave him unhampered when in that condition to provide another beneficiary for whose benefit he would be willing to continue the payment of the premiums and thus keep the policy alive.

Under the facts in this case which are not disputed and in which it appears that the plaintiff had paid all the premiums, our conclusion is that the court was in error in dismissing the plaintiff's bill. The judgment will be reversed and the cause remanded with directions to enter a decree for plaintiff as prayed. *Nixon, P. J.,* concurs; *Gray, J.,* not sitting.