AMERICAN CENTRAL LIFE INSURANCE COMPANY, APPELLANT, v. MIN-
NIE BUSCHMEYER, RESPONDENT.—65 S. W. (2d) 959.

Kansas City Court of Appeals. December 4, 1933.

*Robt. A. Adams* and *Henry C. Chiles* for appellant.

*William Aull, Jr.,* for respondent.

SHAIN, P. J.—This suit in equity was instituted by the American Central Life Insurance Company, a corporation of Indianapolis, Indiana, as plaintiff and seeks to have declared forfeited and of no effect the contract and reinstatement of a policy of insurance issued on the life of one, Henry G. E Buschmeyer, deceased.

Minnie Buschmeyer, mother of the insured, is the designated beneficiary in the policy and the defendant herein.

A demurrer based upon an assertion of failure of plaintiff's petition to state a cause of action was interposed in the circuit court and the same was heard and sustained; the plaintiff declining to plead further, the court dismissed plaintiff's petition. From the judgment of the court dismissing the cause, the plaintiff has duly appealed.

## OPINION.

Plaintiff in its pleadings sets up the fact that it is an Indiana corporation licensed to write insurance in Missouri; that on February 20, 1917, one, Henry G. E. Buschmeyer made a written application for life insurance and on March 23, 1917, amended said application and that pursuant thereto, plaintiff issued policy on his life for $2,500 with his mother, the defendant herein, as beneficiary. It is alleged that the policy was of the date of February 25, 1917, and that same was duly delivered to insured. It is further plead that "after one year from the date hereof, this policy shall be incontestable." The petition alleges:

"That in the application of said insured for said insurance, it was agreed by said insured in his application as the same appears by Exhibit 'A,' made a part hereof as aforesaid, that such application should be submitted to and acted upon by the plaintiff at its home office, which was then, has all times alleged herein been, and is now in the City of Indianapolis, State of Indiana, and that insurance should not be in force until plaintiff had so acted upon and approved such application; that said application was submitted to plaintiff at its home office, in Indianapolis, Indiana, and that plaintiff did at its said home office approve the same and grant said application and issue said policy and, hence, plaintiff avers that said contract of insurance was and is an Indiana contract and governed by the law of said State of Indiana;

"That in said policy No. 50380, and being Exhibit 'A,' it was provided that, 'At any time after any default in premium payment, upon written application by the insured and presentation at the home office of evidence of insurability satisfactory to the company, this policy may be reinstated, upon the payment of arrears of premiums with compound interest thereon at the rate of five per centum per annum.' "

Plaintiff further pleads making tender of $125.78, premiums collected, and asks that the contract of insurance and the reinstatement thereof be declared forfeited and of no effect; that a decree be rendered ordering the contract and reinstatement rescinded; that the policy be cancelled as lapsed for non-payment of premiums and as void and of no effect; and asks for such other relief as plaintiff in equity is entitled to.

The gist of the issue herein is as to whether the law of Missouri or the law of Indiana is the law governing the case. Based upon allegation, plaintiff presents that as the contract for the insurance in the first instance and the contract for reinstatement in the second instance provides for acceptance in the State of Indiana that, therefore, the contracts are Indiana contracts and the law of Indiana controls.

Our laws make provision for foreign insurance companies to do business in Missouri and it appears that such privilege has been granted to the plaintiff in this case.

Plaintiff having accepted the beneficence and protection of our laws, must be held to conduct its business in Missouri in accordance with its laws. Our courts will tolerate no subterfuge which permits a company to clothe itself in the garb of a Missouri concern and contract with our citizens, who bear the burdens of government, and accept consideration from these citizens, then subject them to the conflicting laws of another state. While our citizens have a perfect right to make contracts controlled by the law of another state, still, our courts will protect them from being so subject to said laws in the absence of a showing of mutual agreement to that effect.

The acceptance of an insurance contract by the insured is as essential to the contract as is the acceptance by the insurance company. The acts of delivery to and acceptance of the thing contracted for by the purchaser are constituent acts which are given full force and effect in the laws of Missouri. A petition seeking to apply the law of another state to an action brought in this State must be explicit in facts, not in conclusions. [Cravens v. N. Y. Life Insurance Co., 148 Mo. 583.]

The petition in the case at bar clearly sets forth the law of Indiana as to the limitations in which it can contest in that state and as to the breach by fraudulent representations applicable in that state. If it could be concluded that the law of Indiana controls, then a cause of action is stated. There is, however, a failure to state a cause of action under our Missouri law, for the reason that the petition does not plead the fact of alleged breach of warranty as contributing to the death of the insured.

Plaintiff urges that this being a suit in equity the above provision of Missouri law does not apply and cites, N. Y. Life Insurance Co. v. Cobb, 219 Mo. App. 609. The case cited is one wherein the allegation omitted in plaintiff's petition was duly plead. No issue is made in the case at bar as to the right to bring action to cancel after death of insured. The contention is that in attempting to bring such a suit the plaintiff has failed to state a cause of action.

Section 5732, Revised Statutes 1929, controls in Missouri and is as applicable in suits in equity as in suits at law. [Aetna Life Insurance Co. v. Daniel, 42 S. W. (2d) 584.]

The plaintiff presents in its brief that defendant by demurrer has admitted plaintiff's allegation that the law of Indiana controls. Defendant's demurrer is predicated upon the allegation that plaintiff's petition failed to state a cause of action. If that be found the case, we hold that a petition which states no cause of action cannot be made to state a cause of action by demurrer. Such a demurrer cannot be an aider to a statement of a cause of action.

Plaintiff's petition, neither as to the first and amended application or as to the execution of the policy thereon, nor as to the application for reinstatement and the reinstatement thereon, pleads either fact or circumstances from which a court can conclude that this policy, evidently issued under its privilege to do business in this State, was other than a Missouri contract, fully governed by the laws of this State. A pleading should state facts, not conclusions, and plaintiff's statement of its conclusion as to the law of Indiana controlling cannot be accepted in the absence of allegations of fact necessary to support such a conclusion.

Plaintiff cites much authority and its brief shows considerable legal research. In the face of the conclusions reached and stated above, we need not discuss these authorities.

We conclude that the petition fails to state a cause of action under the Missouri law, for the reason stated above; the petition does not plead the fact of an alleged breach of warranty as contributing to the death of insured. As we find nothing stated in the petition which enables us to hold that the law of another state than the law of Missouri controls, we conclude no cause of action is stated. Judgment is affirmed. All concur.