C. F. ROLESON, RESPONDENT, v. GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN, APPELLANTS.—84 S. W. (2d) 651.

Kansas City Court of Appeals. May 13, 1935.

*O. S. Hill* and *Bohling & Barnett* for respondent.

*Irwin & Bushman* for appellant.

TRIMBLE, J.—Defendant, a voluntary unincorporated association, having its general headquarters in the city of Cleveland, Ohio, issues to its members in the State of Missouri and elsewhere, certificates or

policies of insurance, agreeing to pay to the holders thereof a certain amount for partial or total disability, and in case of death, a stated sum to his beneficiary. The certificate of membership, sued on herein, is dated January 11, 1929, and was issued to plaintiff as a member of Stinger Lodge, No. 528, of the Brotherhood of Railroad Trainmen (for convenience hereinafter referred to as the B. R. T.), and accepted April 2, 1929.

Said certificate was applied for by plaintiff while he was (as he still is), a resident of Missouri. The medical examination, a part of the certificate, was made by Dr. Castles, surgeon for the Missouri Pacific Railroad, at Kansas City, Missouri, and the certificate was delivered to and accepted by plaintiff while he resided in Kansas City, and Stinger Lodge, of which he was a member, is located in Missouri.

The certificate provided that it is of Class D, the amount of said certificate not being specified therein further than it is for Roleson's total and permanent disability as defined in section No. 68 of the Constitution upon the express condition that he comply with the Constitution, general rules and regulations ''now in force or which may hereafter be adopted by the within named brotherhood, which as printed and published by the Grand Lodge of the said Brotherhood, with the application for his certificate as signed by him and the medical examination of said C. F. Roleson, copies of which application and medical examination are attached hereto all of which are made a part hereof, and together with this certificate constitute the contract between said C. F. Roleson and said Brotherhood, and that he pay all dues and assessments imposed upon him within the time specified by the Constitution and general rules.''

It was admitted that the certificate sued upon, is known as a Class D certificate carrying benefits in the sum of $2800; and that the plaintiff lost the sight of one eye only.

At the time of the issuance and acceptance of the certificate, section 68 of the Constitution and general rules, then in force, provided that if the beneficiary should ''suffer the complete and permanent loss of the sight of *one* or both of his eyes, he should be entitled to receive the benefits stated upon furnishing due proof.'' The said section 68, as thus constituted, was adopted in the Convention of May-June, 1928.

Plaintiff's suit is for the complete, total and permanent loss of his left eye suffered while said certificate was in full force and effect, of which notice and proof were given on the —— day of January, 1933.

Altogether, the answer of defendant raised two defenses to plaintiff's suit:

(1) A defense based on the claimed failure to pay his dues and assessments on and prior to the 1st day of October, 1932, by reason of which his certificate then and there lapsed and became null and void, and thereafter on November 2, 1932, he applied for reinstatement and

was so reinstated; but that, under the Constitution and by-laws, such reinstatement was null and void because of a false warranty that he was not then afflicted by any illness or disease or injury tending to impair his health and that his eyesight was not in any wise impaired. This defense of false warranty seems to have been apparently abandoned, at least is now no longer in the case, especially after the verdict of the jury.

(2) The defense that at the Convention held at Houston, from May 4 to June 9, 1931, section 68 of the Constitution and by-laws was amended, becoming effective September 1, 1931, changing the said section so as to provide that a beneficiary member must suffer the complete and permanent loss of *both* eyes before he could be considered totally and permanently disabled.

In support of this second defense, defendant offered in evidence section 9469 of Throckmorton's General Code of Ohio, duly authenticated by the Ohio Secretary of State, as follows:—

"Every certificate issued by any such society shall specify the amount of the benefit provided thereby, and shall provide that the certificate, the charter or articles of incorporation or, if voluntary association, the articles of association, the constitution and laws of the society and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member, and copies of the same certified by the secretary of the society, or corresponding officer, shall be received in evidence of the terms and conditions thereof and any changes, additions or amendments to such charter or articles of association, if a voluntary association, constitution or laws duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries, and shall govern and control the agreement in all respects the same as though such changes, additions or amendments had been made prior to and were in force at the time of the application for membership."

This offer was objected to, and the objection of plaintiff was sustained on the ground that, under the law in Missouri, the contract sued on is a Missouri contract, notwithstanding section 65 of the Constitution and general rules, in effect after September 1, 1928, provides that "benefit certificates shall be in all respects deemed to be made under, and to be interpreted and construed in accordance with the laws of the State in which the Grand Lodge has its headquarters."

Appellant's abstract does not set forth the instructions on which the case was submitted, the record merely stating that "the case was submitted to a jury on an issue and instructions that are not pertinent to the question here presented for review and are not set out."

In the "testimonium" clause of the certificate, if such term can be applied to an instrument not a conveyance, it says the Grand Lodge

of the B. R. T., "hath, by its president and general secretary and treasurer, signed *and delivered* this certificate at its office in Cleveland, Ohio, this 11th day of Jan. one thousand nine hundred and 29." (Emphasis supplied.)

But immediately following the signature of assured, appears the signatures of the treasurer and secretary of the Stinger Lodge, No. 528, which says they "do hereby certify to the acceptance of this certificate by Brother Charles F. Roleson upon the conditions above set forth.

"Witness our hand and the seal of our Lodge, this the 2nd day of April, 1929.

    "(seal)    "F. C. WHEELER, Treasurer,

                "L. J. EVANS, Secretary."

So that while the president and secretary of the Grand Lodge attempt, or seem, to say that the certificate was delivered in Cleveland, Ohio, yet the general showing of the record is that the certificate was delivered to, and accepted by, the holder, Charles F. Roleson, and became a completed contract in Kansas City, Missouri.

The sole question is, after the contract has been created in Missouri, and dues and premiums have been paid by insured on the promise to pay him $2800 when he suffers the complete and permanent loss of *one* eye, can the insurer, solely upon its own motion and without consideration, change the contract by making it payable only in case he suffered the loss of both eyes. This change is not merely a change in legislative rules or procedure, but an attempted change in the contractual rights of the plaintiff for which he now has paid the price and incurred the loss required, and for which he is seeking the compensation agreed upon. We think that, in this regard, the certificate is governed by the the law of this State where the policy was delivered and became complete. [Hoffman v. North American Union, 56 S. W. (2d) 599; American Central Life Ins. Co. v. Buschmeyer, 65 S. W. (2d) 959; Pieri v. Eeguenot, Admr., 96 Mo. App. 258; Haven v. Ins. Co., 149 Mo. App. 291; Head v. New York Life Ins. Co., 241 Mo. 403; Burns v. Metropolitan Life Ins. Co., 141 Mo. App. 212; Cravens v. New York Life Ins. Co., 148 Mo. 583.]

It is not denied, but clearly admitted, that plaintiff lost the complete and permanent loss of one eye. The vested contract rights cannot be destroyed by a subsequent change in the by-laws. [Schulz v. Supreme Tent, Knights of the Maccabees of the World, 236 S. W. 903; Dawson v. Knights of Maccabees of the World, 57 S. W. (2d) 748; Dessaner v. Same, 278 Mo. 57.]

So far as the record discloses, the Ohio Statute, section 7469 of Throckmorton's Ann. Co., 1930, p. 975, is the same as our statute, section 5997, Revised Statutes 1929, 6 Mo. Stat. Ann., p. 4569; and

there is no showing in the record anywhere that the Ohio law is construed differently from our Missouri law.

It would therefore seem to be immaterial whether the statute of one or the other State be considered applicable. [Kansas City Western Ry. Co. v. McAdams, 240 U. S. 51.] But at any rate, as to the vested right involved herein and sought to be enforced, the Missouri law applies, and even though the Constitution and by-laws and the certificate itself contain an express reservation of the power of amendments, it does not apply to such vested right. [19 R. C. L., p. 1206, sec. 23. See, also, 1 Couch's Ency. of Ins., p. 680, sec. 271.] And the right of subsequent amendment is subject to that qualification, 45 C. J., p. 38, sec. 31(b). Decisions concerning matters not involving vested or vital contract rights are not in point. Modern Woodmen of America v. White, 17 A. L. R. Ann., 395, 397.]

It follows that the judgment should be, and is, affirmed, all concur.