BLUM, Appellant, v. NEW YORK LIFE INSUR-ANCE COMPANY et al.

Division Two, June 19, 1906.

1. **INSURANCE: Vested Right.** In ordinary old-line life insur-ance, the issue of a policy confers immediately a vested right upon, and raises an irrevocable trust in favor of, the party named as beneficiary, a right which no act of the insured can impair without the beneficiary's consent.

2. ———: ———: **Changing Beneficiary: Statute of 1899: Retro-spective.** Where the policy was issued in 1880, naming the in-sured's then wife as beneficiary, and the payment of premiums was completed and a paid-up policy issued in 1895, the com-pany then agreeing to pay to said wife upon the death of the insured a definite sum, her rights under the statutes then in force becoming then permanently fixed and vested, an amend-ment to the statute in 1899, providing that "in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another benefici-ary", did not thereafter, upon the legal divorcement of the wife, give the husband the right to name some other person as beneficiary. Such amended statute cannot control the vested rights of the beneficiary acquired under prior laws existing at the time the policy was issued, and to apply it in such case would be to make it retrospective.

3. ———: ———: ———: **Insurable Interest: Divorce.** A decree of divorce, rendered after the tontine policy premiums were paid and paid-up policy was issued, did not destroy the insur-able interest of the wife, named as beneficiary, in the life of her husband, the insured. If the policy was originally valid it does not cease to be so because of the beneficiary's cessation of interest in the subject of the insurance.

197 Sup.—33

4. ———: **Divorce: Insurable Interest: Fixed Rights: Subsequent Statute.** Where the rights of the beneficiary, the wife of the insured, to assign the policy, or to accept a cash value on the surrender thereof, or otherwise, became fixed prior to the enactment of the statute providing that upon "the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary," he is not entitled to designate another beneficiary after a decree divorcing the wife. Such decree did not destroy her insurable interest in the life of her husband, nor does it prevent her from invoking the rule of law applicable to the vested rights of the beneficiary.

5. ———: **Changing Beneficiary: Statute: Where Wife is Not Sole Beneficiary.** The statute authorizing the insured husband to designate another beneficiary upon "the death or divorcement of the wife before the decease of the husband" has no application where the wife is not the sole beneficiary. So that where the policy provided that the amount of the insurance was, upon the death of the husband, to be paid to the wife if living, and if not living, to the husband's children, or if there be no such children surviving them, to his legal representatives, the husband's child has a substantial interest in the policy, and though that interest be contingent upon the death of the wife prior to the death of the husband, he cannot, after a decree dissolving the marriage, change the beneficiary. The amendment to the statute does not apply in such case. It applies only when the wife is named as the sole beneficiary.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Wilson A. Taylor* and *William S. Campbell* for appellant.

The right of the plaintiff to designate another beneficiary in this policy is given by the statute, which right he may exercise in the event of the death or divorcement of the wife. R. S. 1899, sec. 7895. Prior to the original enactment of this section of the statute giving to the wife a vested interest in a policy of insurance expressed to be for her benefit, the husband could, with-

out the consent of the wife, change the beneficiary or assign the policy. 3 Am. and Eng. Ency. Law (2 Ed.), 981; Eckel v. Renner, 41 Ohio St. 232; Living v. Domett, 26 Hun 150; Kerman v. Howard, 23 Wis. 108. The purpose of enactment of statutes taking away from the husband the right to assign the policy, or in any way interfere with it, was to protect the wife so that in case she survives him the proceeds might go to her free from his creditors. Ins. Co. v. Brant, 47 Mo. 419; Pullis v. Robinson, 73 Mo. 201; Riely v. Hickcox, 70 Mo. App. 617. The proviso added to this same section by the amendment giving the husband the right to designate another beneficiary in the event of the death or divorcement of the wife, does not create a new right, but reserves to him a part of the rights which the original enactment took away. Kittel v. Domeyer, 175 N. Y. 205. By the language of the statute the amendment applies to "any policy of insurance heretofore or hereafter made." It therefore applies to this policy, although issued prior to the amendment. The amendment is not retroactive and does not destroy a vested right. Kittel v. Domeyer, supra; Videan v. Westover, 29 Ont. Rep. 1; Estate of Breitung, 78 Wis. 33; Clark v. Durant, 12 Wis. 223; Kerman v. Howard, 23 Wis. 108; Bursinger v. Banks, 67 Wis. 75; Riley v. Vaughn, 116 Mo. 169; McClain v. Abshire, 63 Mo. App. 333; Ins. Co. v. Ryan, 8 Mo. App. 535. The interest of the alternative beneficiary designated in a policy of insurance is only a contingent interest. Casualty Co. v. Kacer, 169 Mo. 301; Reed v. Painter, 129 Mo. 684; Baker v. Young, 47 Mo. 454. While, as a general rule, the right of the beneficiaries or their heirs cannot be defeated by the action of the insured and the company, without the consent of the beneficiaries, or their heirs, yet "this rule is of general application only when the contract of insurance is made by the beneficiary and the premiums paid by him or some third person for him." Shields v. Sharp, 35 Mo. App. 178.

The decree of divorce has the effect of destroying the insurable interest of the divorced wife in the life of the husband. After the granting of the divorce she has no interest in the continuance of the life of the husband, but does have an interest in his death, provided she still remains owner of the policy, and her rights in the policy terminate, except in so far as she has paid the premiums. Hatch v. Hatch (Tex.), 80 S. W. 411.

*Judson & Green* for respondent New York Life Insurance Company.

(1) The right to change the beneficiary named in the policy and the method by which such change shall be accomplished is a part of the contract of insurance, and the legislature could not alter or impair this contract by the act in question. Collins v. Life Assn., 85 Mo. App. 242; Huff v. Woodmen of the World, 85 Mo. App. 96; Leete v. Bank, 115 Mo. 198; State v. Miller, 66 Mo. 328; State ex rel. v. Laclede Gas L. Co., 102 Mo. 472. (2) The statute in question does not, by its terms, apply to policies in which any other person than the wife is named as one of the beneficiaries, and this court will not extend it by construction so as to make it apply to this policy and operate to deprive the child, a beneficiary not named in the statute, of his interest in the policy. Cranor v. School District, 151 Mo. 119. (3) It is evident from the language of this section, considered in connection with other existing statutes upon the same subject, that the legislature did not intend this act to apply to this case in which the wife has obtained a divorce for the fault of the husband. It was only intended to apply to cases in which the husband obtains a divorce for the fault of the wife. R. S. 1899, secs. 2929 and 2930; Schuster v. Schuster, 93 Mo. 438.

*Rassieur, Schnurmacher & Rassieur* for respondents.

(1)   The beneficiary in a paid-up policy of insurance has a vested interest therein, which can not be destroyed without the beneficiary's consent.   Casualty Co. v. Kacer, 169 Mo. 313; 3 Am. and Eng. Ency. Law, 980, 982.   (2)   This vested interest can not be defeated by subsequent retroactive legislation.   Leete v. Bank, 115 Mo. 198.   (3)   The insurable interest of a wife in the life of her husband is not destroyed because of a divorce subsequently obtained.   McKee v. Ins. Co., 28 Mo. 386; Ins. Co. v. Schaefer, 92 U. S. 457; Appeal of Corson, 113 Pa. St. 447; Scott v. Dickson, 108 Pa. St. 13; 9 Am. and Eng. Ency. Law, 855.   (4)   Section 7895, Revised Statutes 1899, has no application to policies issued in favor of the wife and paid for out of her own means.   Sec. 7892, R. S. 1899.   (5)   Section 7895, Revised Statutes 1899, has application only to policies in which the wife only is named as sole beneficiary—not to policies in which other beneficiaries are named to succeed to the fund in the event of her prior death. (6)   The contingent interest of the children who are named as beneficiaries to take only in the event of the death of the wife, becomes vested upon the happening of that contingency, and cannot be destroyed by any action on the part of others.   Appeal of Brown, 125 Pa. St. 303; Ins. Co. v. Burroughs, 34 Conn. 305.   (7) Section 7895, Revised Statutes 1899, has application only to policies in which the wife is named as sole beneficiary, and where the husband obtains a divorce from her—not to cases where the wife obtains a divorce from the husband on the ground of his misconduct.

FOX, J.—This cause is here by appeal on the part of the plaintiff from a judgment of the St. Louis Circuit Court in favor of the defendants and dismissing plaintiff's bill.

This action was brought by the plaintiff, Louis Blum, against New York Life Insurance Company, Fannie Blum, wife of the plaintiff, and Melvin Blum, son of Louis and Fannie Blum. Plaintiff, Louis Blum, and Fannie Blum, defendant, were married on the 19th day of June, 1879. On the 21st day of June, 1880, the defendant New York Life Insurance Company, at the request and upon the application of the plaintiff, Louis Blum, issued to Louis Blum its policy of insurance, numbered 142,767, on the tontine investment plan, commencing on the 17th day of June, 1880, in which the defendant Fannie Blum was named as the beneficiary. Said policy was issued in consideration, among other things, of the payment of the annual premium of $144.30. The tontine dividend period in said policy was completed on the 17th day of June, 1895, at which time said policy was endorsed for a like paid-up policy for $4,210. This amount the New York Life Insurance Company agreed, upon the death of Louis Blum, to pay to said Fannie Blum, for her sole use, if living, and if not living to the children of plaintiff or their guardian for their use, or if there be no such children surviving them, to the legal representatives of said plaintiff. In 1901 said Fannie Blum instituted her suit for divorce against said Louis Blum, her husband, and on September 12, 1901, the court "being satisfied that plaintiff is an innocent and injured party and entitled to the relief prayed for in the plaintiff's petition," adjudged that she be divorced from the bonds of matrimony existing between them and that she recover her costs, etc. The defendant Melvin Blum was born of said marriage in the year 1880, and was at the date of said action by the plaintiff of age. Following the granting of said decree of divorce the plaintiff, Louis Blum, made application to the defendant New York Life Insurance Company, with a view to having the beneficiary named in the policy changed in accordance with the rights granted him under and by virtue of

section 7895 of the Revised Statutes of Missouri of 1899. The New York Life Insurance Company refused to consent to change the beneficiary in said policy, whereupon this suit was instituted by the plaintiff for the purpose of having said policy reformed by the substitution of a beneficiary to be designated by the plaintiff, Louis Blum.

The pleadings in this cause are not challenged, therefore there is no necessity for reproducing them here. The petition sought the relief as heretofore indicated and the answer substantially put in issue the right of the plaintiff to the relief sought.

Upon the trial of the cause there was testimony both ways as to the payment of premiums upon this policy. The testimony on the part of the plaintiff tending to show that he paid the premiums; there was other testimony tending to show at least that Mrs. Fannie Blum, one of the defendants, paid some of the premiums. There was other testimony tending to show that defendant Fannie Blum advanced her husband large amounts of money during the time upon which premiums had to be paid upon this policy which amounts were never fully repaid to her, and that such advancements largely exceeded the premiums paid on the policy.

Upon the submission of this cause the trial court found the issues in favor of the defendants and dismissed plaintiff's bill. Plaintiff timely filed his motion for new trial, which was by the court overruled, and in due time and proper form he prosecuted his appeal to this court and the record is now before us for consideration.

### OPINION.

The crucial questions presented for consideration upon this record may thus be briefly stated:

1. On the part of the appellant it is insisted that

he has the right to designate another beneficiary in the insurance policy in pursuance of the provisions of section 7895, Revised Statutes 1899, which substantially provides for the exercise of that right in the event of the death or divorcement of the wife.

2. On the part of the respondents it is insisted that the policy of insurance involved in this proceeding is a paid-up policy and has been since June, 1895; hence defendant, Fannie Blum, had a vested interest in such policy prior to the amendment of the statute in 1899, providing for the substitution of another beneficiary in the event of the divorcement of the wife, and, therefore, such vested right could not be impaired by the amendment in 1899, and that such amendment has no application nor does it govern policies issued and fully paid up prior to the enactment of such amendment.

3. Respondents earnestly contend that this policy is an old-line policy, which became paid up on June 17, 1895, so that thereafter no premiums became payable thereon, and that the policy upon its face is made payable, first to Fannie Blum, the wife, if living; second, if not living, then to the children of plaintiff; third, if there be no children living then to the legal representatives of plaintiff, and Fannie Blum, the wife, primary beneficiary, and Melvin Blum, the only child, the alternative beneficiary both being alive, section 7895, supra, has no application to this policy for the reason that it is not the character of policy designated by the statute. It is insisted that the statute only covers and contemplates such policies as are issued in which the wife is made the sole beneficiary.

4. It is further insisted by respondents that the amendment to the statute in 1899, providing for the exercise of the right to change beneficiaries in the event of the divorcement of the wife before the decease of the husband, has application alone to policies in which the husband secures a divorce from the wife by reason

of her misconduct, and is not applicable where the wife secures the divorce by reason of the misconduct on the part of the husband.

These are substantially the vital questions with which we are confronted in this controversy. The propositions will be treated in the order as herein indicated. Their correct solution must be sought by a fair and reasonable application of the law governing them.

The policy sought to be changed in this proceeding was issued in 1880. At the time of the issuance of this policy section 5981, Revised Statutes 1879, was in force, which provided: "Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, shall inure to her separate use and benefit, and that of her children, if any, independently of her husband, and of his creditors and representatives, and also independent of such third person effecting the same in her behalf, his creditors and representatives; and a trustee may be appointed by the circuit court for the county in which such married woman resides, to hold and manage the interest of any married woman in such policy, or the proceeds thereof. In the event of the death of such married woman before her husband, the said policy shall inure to the children of such marriage, to the exclusion of creditors and executors and administrators of said husband, any technical words or phrases in the policy to the contrary notwithstanding." This section remained in force until in 1899, when section 7895, Revised Statutes 1899, was adopted in lieu of section 5854, Revised Statutes 1889, which was the same as section 5981, Revised Statutes 1879, above quoted.

The change as made by section 7895 from that of the law in force in 1879 and 1889, which has any ap-

plication to this controversy, is as follows: "Provided, however, that in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary, upon written notice to the company, but such notice shall not be effected, unless indorsed upon the policy by the president or vice-president and secretary of the company issuing the policy."

It will be observed that prior to the amendment of the statute in force, at the time of the issuance of this policy, and at the time it became a completed paid-up policy, there was no provision which authorized the assured to make the change in the beneficiary which is now sought to be made under the provisions of section 7895, supra. The nature and character of the rights secured to the beneficiary in an old-line policy is no longer an open question in this State. In Masonic Ben. Ass'n v. Bunch, 109 Mo. 560, it was expressly ruled that the beneficiary's interest in an insurance policy along these lines becomes a vested right immediately upon the issuance of the policy. This ruling was followed and expressly approved in Wells v. Mut. Ben. Ass'n, 126 Mo. 1. c. 638, and in United States Casualty Co. v. Kacer, 169 Mo. 309. In the last case cited the authorities were all reviewed and the rule in the case of Bank v. Hume, 128 U. S. 1. c. 206, was approvingly quoted. It was said in that case by Mr. Chief Justice FULLER, speaking for the Supreme Court of the United States: "It is indeed the general rule that *a policy, and the money to become due under it* [the italics are superadded to point the applicability of the language used to the respective contentions of the parties hereto as to the interest of the beneficiary in the 'policy' and in the 'fund'] belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance by any act of his, by deed or

by will, to transfer to any other person the interest of the person named."

The rule is thus stated in 3 Am. and Eng. Ency. Law (2 Ed.), 980: "In ordinary life insurance, where no power of divestiture is reserved, the general doctrine prevails that the issue of the policy confers immediately a vested right upon, and raises an irrevocable trust in favor of, the party named as beneficiary, a right which no act of the insured can impair without the beneficiary's consent." In support thereof cases are cited in, note 10, which show this to be the rule in England, Canada, Supreme Court of the United States, Alabama, Arkansas, California, Connecticut, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas and Virginia.

Under the law in force at the time this policy was issued and at the time it became a completed paid-up policy the rights of the defendant Fannie Blum, the beneficiary named in such policy, were permanently fixed and vested and we are simply confronted with the proposition as to whether or not the amendment to the laws subsequent to the issuance of the policy, which provide the right to change the beneficiary upon the happening of certain contingencies, can be made applicable to such policy. In other words, are the provisions of section 7895 retrospective in their operation and would they, as applicable to this policy, impair vested rights acquired by the defendant beneficiary Fannie Blum under prior existing laws?

We have given this subject our most careful consideration and we see no escape from the conclusion that section 7895, Revised Statutes 1899, which provides the right of the husband to designate another beneficiary, has no application and cannot govern or control the rights of the beneficiary acquired under

prior existing laws. That the defendant beneficiary Fannie Blum's rights in that policy acquired under laws existing at the time it was issued, and the policy fully paid-up, were fully vested, we think there can be no dispute. It is equally clear that should we apply the amended provision in the laws of 1899, heretofore indicated, to the rights of the beneficiary in the policy, the vested rights of the beneficiary acquired under prior existing laws would be manifestly impaired; hence such provision can not be made applicable to this policy, for the manifest reason that to do so would be making such provisions retrospective in their operation and violative of article 2, section 15, of the Constitution of this State. To apply the provision of section 7895 to this policy would clearly take away the vested rights of the beneficiary, Fannie Blum, in this policy. Mr. Justice STORY, when construing a provision of the organized law of New Hampshire, substantially like our own, said: "Every statute which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." [Society v. Wheeler, 2 Gall. 105.] This definition has since been followed. [Sedgwick on Construction of Constitutional and Statutory Law (2 Ed.), p. 160.]

It was ruled in Cranor v. School District, 151 Mo. 119, the court speaking through BURGESS, J., that a law should always be deemed prospective when vested rights may be affected, and in that case in discussing a statute which had made material changes in the prior law, it was held that the plaintiff's right of action had accrued under the prior law, and it was there said, speaking of the act in judgment before the court, that "there is nothing in the act which would seem to indicate that it is retrospective, and if there was as to plaintiff's right of action, it would be unconstitutional. It can

therefore only be upheld upon the ground that it is prospective, rather than retrospective."

However; it is insisted upon the part of the appellant that the decree of divorce rendered by the circuit court in 1901, in which Fannie Blum was granted a divorce on the ground of the misconduct of the plaintiff, destroyed the insurable interest of the divorced wife in the life of the husband; therefore, that the rule of law applicable to the vested rights of the beneficiary cannot be invoked in her behalf. While there is some conflict in the authorities upon this proposition the weight of authority seems to be that if the policy was originally valid it does not cease to be so by cessation of interest in the subject of insurance.

In Appeal of Corson, Ex'r of McLane, 113 Pa. St. 438, the Supreme Court of Pennsylvania fully reviewed all the authorities upon the subject of insurable interests, and Mr. Justice CLARK, speaking for that court, thus announced the conclusion: "The doctrine of all the cases to which our attention has been called is, that if the policy was originally valid, it does not cease to be so by cessation of interest in the subject of insurance; unless such be the necessary effect of the provisions of the instrument itself. Therefore, where a husband insured his life for the benefit of his wife, and was subsequently divorced, it was held that, notwithstanding the relation of husband and wife no longer existed, and her insurable interest had thus ceased, yet she could recover the full amount of the policy. [Conn. Mut. Life v. Schaefer, 4 Otto 457.] 'Supposing a fair and proper insurable interest of whatever kind,' says the court in the case last cited, 'to exist at the time of taking out the policy, and that it be taken out in good faith, the object and purpose of the rule which condemns wager policies is sufficiently attained; and there is then no good reason why the contract should not be carried out according to its terms.' To the same effect is McKee v. Phoenix Co., 28 Mo. 383."

In Conn. Life Ins. Co. v. Schaefer, 94 U. S. 457, Mr. Justice BRADLEY, in discussing this subject, said: "We might almost regard the English statute as declaratory of the original common law, and as indicating the proper rule to be observed in this county where that law furnishes the only rule of decision." In that case the policy was taken by husband and wife upon their joint lives, payable to the survivor on the death of either. Subsequently they were divorced *a vinculo matrimonii*, and the wife having paid the premium up to the time of her former husband's death, brought suit on the policy. It was held that the policy, being valid at its inception, the subsequent cessation of her interest in the life insured did not affect her claim, the court saying: "The essential thing is that the policy shall be obtained in good faith, and not for the purpose of speculating upon the hazard of a life in which the assured has no interest."

The Supreme Court of Pennsylvania, in Scott v. Dickson, 108 Pa. St. 6, in commenting upon the rule announced by Justice BRADLEY, said: "It requires but a moment's reflection to see that this rule is based upon sound principles. It treats a contract of life insurance, not as a contract of indemnity, as in the case of fire or marine insurance, but as a contract to pay a certain sum of money in the event of death. And if the policy fell with the cessation of insurable interest it would lead to this result. A. is a creditor of B. to the extent of $1,000 and insures his life to that amount. He continues the policy until he has paid in premiums, say, $1,100. B. then pays the debt. If the policy ceases as soon as the debt is paid, A. loses all he has paid, and in reality is out of pocket $100, although he has received his debt in full."

The doctrine announced upon this subject in the foregoing cases finds support in 9 Am. and Eng. Ency. Law, 855, and cases cited in the note.

There is no provision in this policy respecting the

cessation of interest in the subject of insurance, and it is clear that under the law in force prior to 1899, Mrs. Blum could have at any time, without the consent of her husband, assigned the policy, subject only to divestiture in her assignee, in the event of her death before the death of the insured, as stated in the policy. Nor can it be denied that she could, prior to 1899, have made a valid surrender of the policy and accepted its cash value, without the consent of her husband, subject only to the proviso that she survive the insured; and these rights cannot be taken from her under the act of 1899, which law went into effect many years subsequent to the time that her rights were permanently fixed and vested; therefore, it must be held that plaintiff is not entitled to the relief sought by reason of the dissolution of the marriage in 1901.

This leads us to the consideration of the second proposition, that is, are the provisions of section 7895, providing for the change of the policy in case of death or divorcement of the wife applicable to any policy except those in which the wife is the sole beneficiary?

We have in this policy, as the contract of insurance, the promise and agreement on the part of the insurance company to pay the amount of such insurance to the wife, if living, and if not living, to the children of such person whose life is hereby insured, or their guardian for their use, or if there be no such children surviving them to the legal representatives of such person whose life is hereby insured.

The provision of the statutes which provides the right of the husband to change the beneficiary upon the death or divorcement of the wife, clearly designates the character of policy to which such provisions are made applicable. It plainly provides that it must be a policy expressed to be for the benefit of the wife of the insured, and in this policy we have a contract of insurance for the benefit of, not only the wife, but as well the child of the insured. It is manifest that section

7895 does not by its terms apply to policies in which any other person than the wife is named as one of the beneficiaries, and we are of the opinion that this court would not be warranted in extending the provisions of the statute by construction so as to make it apply to this policy and operate to deprive the child, Melvin Blum, a beneficiary, which is included in the contract of insurance, of his interest in the policy. If the plaintiff is entitled to the relief sought under the provisions of section 7895, to change the beneficiary therein named, Fannie Blum, such relief would enable him to change the entire contract of insurance as to his child Melvin Blum, now living, who has a substantial interest in the policy as now written, for should the death of Mrs. Blum occur prior to that of the plaintiff, under the terms of the policy, the amount would be payable to Melvin Blum.

Under the provisions of the statute of 1879, it will be observed that there was no provision for a change in the beneficiary, even in the event of the death of the wife, but it simply provided, in the event of the death of the wife the policy was to enure to the children; hence under the provisions of the statute of 1879, there being no provision for changing the beneficiary, if there were no children surviving, then the fund would necessarily go to the heirs of the wife. The very purpose of the amendment of the law of 1879 was obviously to give to the husband the right of substitution in the event of the death or divorcement of the wife, so that in the event of the happening of either of these contingencies he should determine whether the fund should go to the children, if there were any, so that he could prevent it going to the legal representatives of the deceased wife, and upon distribution to her next of kin, if he wished to do so. But clearly the provisions of the statute of 1899 were never intended to apply to policies wherein other persons in connection with the

wife are named as beneficiaries; if so, we must import into the statute a provision extending to him, in addition to the right to change the beneficiary in respect to his wife, the right to materially modify the contract of insurance and change other beneficiaries who have substantial interests in the policy in connection with the wife. These provisions must be applied to the character of policies designated by the statute, and the contract of insurance must be construed in connection with the law in force that governs and controls it, and if the parties to the contract desire to contract insurance in which the wife is beneficiary, with the view of availing themselves of the provisions of the statute granting the right to change the beneficiary, the terms of such contract of insurance must conform to the provisions of the statute which limits the application of such provisions to policies expressed to be for the benefit of the wife of the insured. Policies in which other beneficiaries are designated to take in the event of the death of the wife are not embraced in section 7895, and as to such policies the right to substitute another beneficiary is not given by the statute and does not fall within the purview of its provisions.

It is earnestly contended and very ably argued that the children as named in the policy have only a contingent interest, therefore the right to invoke the provisions of section 7895 in respect to the change of the beneficiary is not affected. It is true their interest is contingent upon the death of the mother prior to the death of the father, but it is equally true that this is a substantial interest in that policy, and the children of the husband were as truly parties to that contract as the wife, and is such an interest as under the provisions of the statute the husband had no right by the change of the beneficiary to deprive them of.

The Supreme Court of Pennsylvania, in Appeal of Andrew J. Brown, 125 Pa. St. 303, very clearly and

correctly states the law upon this proposition. The terms of the policy in that case were very similar to those in the case at bar. A New York insurance company issued a policy upon the life of a citizen of Pennsylvania payable to the wife of the assured for her sole use, but provided that in case of her death before the decease of the assured the amount of the insurance should be payable to her children. The assured and his wife, doubtless taking the view of the law, as is suggested by counsel for appellant, that the interest of the children was a mere contingent interest, undertook to dispose of this policy and both husband and wife joined in an assignment of the policy. The wife died leaving the assured and seven children to survive her. On the death of the assured an interpleader was instituted to determine the rights as between the parties to whom the policy had been assigned and the children of the assured. The Supreme Court of that State held that the children were entitled to the insurance money and very clearly pointed out the reasons for such conclusion. The court said in speaking of the rights of the children: "Their right to the money depended upon the terms of the contract, which was payable to them if she was not living at the death of the insured. They were parties to the contract, as truly as she was, and with as clear a right to sue upon it, upon the happening of the contingency that made them the payees, as she could have had if living. Her assignment put her assignee in no better position than she occupied, and conferred upon him no greater interest in the policy. Her death in the lifetime of her husband extinguished her interest in the policy, and it can no more survive in the hands of her assignee than in her administrator. The condition on which her right to recover was to end, and that of her children was to arise, has happened, and the contract of the insurance company is now with the children, and must be enforced by them for their benefit."

To the same effect is Conn. Mut. Life Ins. Co. v. Burroughs, 34 Conn. 305. So it may be said as to the policy involved in this proceeding, that to apply the provisions of section 7895 to this policy would permit the plaintiff, by changing the beneficiary, to materially affect the interest of his son Melvin Blum, in this policy, and in our opinion the terms employed in the provisions of the policy in the case at bar place it beyond the provisions of that section.

We see no necessity for pursuing this subject further. We have indicated our views upon the most vital propositions involved in this proceeding, and deem it unnecessary to dispose of the other question presented, as to whether or not this statute can be invoked where the divorcement of the wife is occasioned by the wrongful acts of the husband. We express no opinion upon that proposition, and will postpone the consideration of it until a case is presented in which it becomes essential to decide. We find no error in the judgment of the trial court. Its order, dismissing plaintiff's bill, was clearly right; the judgment should be affirmed, and it is so ordered.

All concur.