### In re OREAR.

(Circuit Court of Appeals, Eighth Circuit. July 17, 1911.)

No. 110.

1. BANKRUPTCY (§ 395*)—PROPERTY PASSING TO TRUSTEE—EXEMPT PROPERTY.
　　Under Bankruptcy Act July 1, 1898, c. 541, § 6a, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), which provides that the act shall not affect the allowance to a bankrupt of the exemptions prescribed by the laws of the state, and section 70a, which provides that a trustee shall be vested by operation of law with the title of the bankrupt, as of the date of adjudication, "except in so far as it is to property which is exempt," to the property therein enumerated, the title to any property which was exempt at the date of adjudication does not pass to the trustee, and he cannot thereafter become vested with any right therein.
　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 395.*]

2. BANKRUPTCY (§ 396*)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICIES—MISSOURI STATUTE.
　　Under Rev. St. Mo. 1909, § 6944, which provides that any policy of life insurance "expressed to be for the benefit of the wife of the insured shall inure to her separate benefit independently of the creditors, executors and administrators of the husband," where a policy is made payable on the death of the insured to his wife by name as beneficiary, it is one expressed to be for her benefit within the meaning of the statute, notwithstanding the fact that by its terms, as in most modern policies, the insured is given the right to change the beneficiary or to enjoy certain collateral rights in his lifetime in the way of obtaining loans thereon or its surrender value, and such a policy, which was so payable at the time of the bankruptcy of the insured, whether it be regarded as the property of the wife or as exempt property of the husband, did not pass to his trustee, who cannot recover the same, even though the right of the wife may be subsequently extinguished, or though she does not set up any claim thereto.
　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Missouri.

In the matter of Jacob W. Derr, bankrupt. On petition by Celsus Orear, trustee, to review an order of the District Court. Petition dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph A. Wright, for Orear, trustee.

David Goldsmith, for Jacob W. Derr.

Before ADAMS and SMITH, Circuit Judges, and AMIDON, District Judge.

SMITH, Circuit Judge. This is a proceeding upon petition of Celsus Orear, as trustee in bankruptcy, to review and revise an order of the District Court of the United States for the Eastern District of Missouri.

January 28, 1908, Derr Bros., a partnership, and Jacob W. Derr and Charles C. Derr, composing said firm, were adjudged bankrupts by the United States District Court for the Eastern District of Missouri. March 15, 1908, petitioner, Celsus Orear, was appointed trustee in the bankruptcy proceedings and qualified as such. There had been issued eight policies of insurance for $2,500 each by the Northwestern Mutual Life Insurance Company upon the life of Jacob W. Derr which were in force at the time of the adjudication in bankruptcy.

One of these policies, numbered 656,496, was issued January 27, 1906, two years before the adjudication of bankruptcy, and was payable to Myrtle L. Derr, wife of Jacob W. Derr. Various beneficiaries were named in the other policies. The District Court held that none of these policies passed to the trustee by the adjudication in bankruptcy. That holding was reversed by this court. In re Orear, 178 Fed. 632, 102 C. C. A. 78, 30 L. R. A. (N. S.) 990.

In the opinion the court said:

"Whether or not policy number 656,496, which is expressed therein to be for the benefit of the wife of the insured, is to be regarded as exempt under section 7895, Rev. St. Mo. 1899 (Ann. St. 1906, p. 3749), and whether or not anything has occurred to avoid an exemption of the policy under that statute, are questions which were not in any manner presented before the referee or the District Court, and have not been presented in this court; so we leave them undecided. The United States District Court for the Eastern Division of the Eastern District of Missouri is therefore directed to vacate its judgment of December 19, 1908, reversing the order of the referee made May 27, 1908, and enter a judgment affirming the same, but without prejudice to the right, if any, of the wife of the bankrupt to claim the policy expressed to be for her benefit as an exemption under the state statute before mentioned."

October 14, 1910, the District Court held that the trustee had no interest in the policy in question and was not entitled thereto, that the same was exempt and not subject to the claims of creditors, and ordered the trustee to make no claim thereto, and the trustee brought this proceeding to reverse and review its action.

The policy in question by its terms is payable, "Unto Myrtle L. Derr, wife of Jacob W. Derr, the insured, of St. Louis in the state of Missouri, subject to the right of the insured to change the beneficiary or beneficiaries as hereinafter provided." The policy contains the following:

"Nomination and Change of Beneficiary. Fifth. The insured may nominate a beneficiary or beneficiaries hereunder and may also change any beneficiary or beneficiaries nominated by him or named in the policy. A beneficiary or beneficiaries in succession to be known as contingent beneficiary or benefici-

aries may be nominated by the insured or if not nominated by him by the beneficiary or beneficiaries if of lawful age. Contingent beneficiary or beneficiaries may be changed by the insured or the person or persons nominating same."

The policy also contains the usual modern provisions as to surrender value and the negotiating of loans after three years.

[1] The bankrupt act provides:

"Sec. 6. Exemption of Bankrupts.—a. This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

The same act contains the following:

"Sec. 70. Title to Property.—a. The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patentrights, copyrights and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him; provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Whatever title the trustee takes to any property he takes under the last-quoted section. It will be observed that the law by section 6 fully recognizes all exemptions given by the state law, but to avoid all possible doubt by section 70a it expressly excepts all exempt property from the property vested in the trustee. If this property was exempt on the date of adjudication, it did not pass to the trustee. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018.

Under the form of policy formerly used it was well settled that the rights of a beneficiary in a life insurance policy vested at the date of the issuance of the policy and not at the date of the death of the insured. Bank v. Hume, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; Blum v. New York Life Insurance Co., 197 Mo. 513, 95 S. W. 317, 8 L. R. A. (N. S.) 923. It has, however, for a number of years become the practice in such policies to provide that the insured may change the beneficiary, thus giving him more control over the policy during his lifetime.

Under substantially all modern policies the insured has certain valuable rights with reference to loans or surrender value. In other words, the insured has certain rights or benefits as well as the one styled the beneficiary. It cannot be said that it is finally settled when

the rights of the named beneficiary vest under this modern form of policy. It has been held that under such policies the rights of the named beneficiary do not vest until the death of the insured. Atlantic Co. v. Gannon, 179 Mass. 291, 60 N. E. 933. Upon the other hand, it has been held that under such a policy the rights of the named beneficiary vest at the time of the issuance of the policy conditionally and subject to be divested by a change in the beneficiary named made by the insured. Wirgman v. Miller, 98 Ky. 620, 33 S. W. 937, 17 Ky. Law Rep. 1174. It is not necessary to pass on that question here. From 1879 to 1899, section 5981, Rev. St. 1879, was in force in Missouri. It read:

"Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person expressed to be for the benefit of any married woman whether the same be effected by herself, or by her husband, or by any third person in her behalf, shall inure to her separate use and benefit, and that of her children, if any, independently of her husband, and of his creditors and representatives, and also independent of such third person effecting the same in her behalf, his creditors and representatives; and a trustee may be appointed by the circuit court for the county in which such married woman resides, to hold and manage the interest of any married woman in such policy, or the proceeds thereof. In the event of the death of such married woman before her husband, the said policy shall inure to the children of such marriage, to the exclusion of creditors and executors and administrators of said husband, any technical words or phrases in the policy to the contrary notwithstanding."

[2] In 1899, and after the introduction of the modern form of policies, the Legislature of Missouri revised this statute and ever since that time it has read as follows:

"Policy for Benefit of Married Woman.—Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of the creditors, executors and administrators of the husband; provided, however, that in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary, upon written notice to the company, but such notice shall not be effected, unless endorsed upon the policy by the president or vice-president and secretary of the company issuing the policy. But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemptions from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors."

This provision is now known as section 6944 of the Revised Statutes of Missouri for 1909, and is the same section referred to in the quoted portion of the opinion of this court. It has been declared to be in the nature of an exemption statute (Haven v. Home Co., 149 Mo. App. 291, 130 S. W. 73); but it has also been held that when a policy was issued during the life of the prior statute, and the right of the beneficiary became vested, and subsequently the amendment was made authorizing the change in the name of the beneficiary in cases of divorcement, this provision was invalid as applied to such policy. Blum v. New York Life Insurance Co., 197 Mo. 513, 95 S. W. 317, 8 L. R. A. (N. S.) 923.

Substantially three points are relied on by the trustee:

First. That, as the policy in question gave to the insured certain benefits in his lifetime and authorized him to change the beneficiary at his pleasure, the policy was not expressed to be for the benefit of the wife of the insured within the meaning of the Missouri statute.

Second. That, while said Myrtle L. Derr was the wife of Jacob W. Derr at the time of the issuance of the policy and so remained until after the adjudication of bankruptcy, on October 1, 1908, she secured a divorce from said Jacob W. Derr, and that thereby the exemption, if any, was lost.

Third. That the exemption, if any, was personal to Myrtle L. Derr and no one but herself could set it up, and, as she has not appeared and claimed the exemption, it cannot be considered.

If the first point should be sustained, it would practically nullify the statute, revised and re-enacted as late as 1899, because, as already stated, substantially all modern policies give the insured the right to change the beneficiary and confer upon him a right of surrender and to borrow upon the policy. In this particular case the policy had not run long enough at the adjudication of bankruptcy for any right of surrender or to borrow to have accrued and no such right could accrue without further lapse of time and further payments of premiums. If these provisions, which have for several years appeared in substantially every policy, would preclude the operation of this statute, then when last enacted it was a mere idle form of words and referred only to an obsolete kind of policy.

The primary purpose of such policies is still to insure against death and usually for the benefit of those dependent upon the insured, and when a modern policy is made, as in this case, payable upon the death of the insured to his wife by name as beneficiary, the fact that the insured may have the right to change the beneficiary or enjoy certain collateral rights in his lifetime does not make it any the less a policy of insurance made by an insurance company expressed to be for the benefit of the wife of the insured within the meaning of the statute in question, and to hold otherwise would be to hold that the Legislature of Missouri enacted a statute with reference to a kind of policy no longer used.

The second proposition of the trustee is equally without merit. Section 70a of the bankruptcy act expressly limits the property passing to the trustee to the property of the bankrupt as of the date he is adjudged a bankrupt, "except in so far as it is to property which is exempt."

This policy by the Missouri statute, if it belonged to the bankrupt in any sense, was declared to inure to the separate benefit of Myrtle L. Derr independently of creditors of the husband and was not, therefore, of such a character as to pass to the trustee even if the act did not expressly exempt it and if the seventieth section did not expressly exclude all exempt property from the grant to the trustee. The trustee could take nothing save as of the date of the adjudication of bankruptcy, and he either took this property then or never. What the trustee took he obtained under section 70a, and the fact that nine

months afterward Mrs. Derr obtained a divorce would not vest in the trustee property not covered by the grant to him.

The Missouri statute, it is true, provides that upon the divorcement of the parties the husband may change the beneficiary; but this right was expressly reserved to him when he took the policy by its very terms. There is nothing to indicate that he has attempted up to this time to change the beneficiary either under this statute or the power reserved in the policy. The divorce itself did not operate to change the beneficiary. Conn. Mutual Life Insurance Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 251.

It is finally contended that exemption is a personal privilege which can only be set up by the party entitled thereto, and as Myrtle L. Derr has not appeared and claimed the policy on her own behalf it should be awarded to the trustee. This involves several errors.

The trustee is seeking to obtain property the title to which he never took. This is not an ordinary claim of exemption. The trustee, it is true, is seeking to obtain exempt property; but the trouble with his claim is that he has no title to the property he seeks to hold.

That of course ends his contention. The property is not only exempt, but never passed to him and is not his. The statute, while in the nature of an exemption law, is more than that. It declares that this property shall inure to the separate benefit of the wife. Ordinary exemption laws leave the full right and title to the property in the debtor. This law declares that this policy shall inure to the separate benefit of the wife of Jacob W. Derr.

The trustee devotes much of his brief and argument to showing how large is the interest of Jacob W. Derr in this policy, and then contends that, notwithstanding the trustee never took any interest whatever in this policy and has no right whatever to it, he can obtain affirmative relief as against Jacob W. Derr who has a considerable interest because Myrtle L. Derr has not appeared and set up an exemption in her own behalf. The trustee must fail without reference to the apportionment of the interest between Jacob W. Derr and Myrtle L. Derr upon the ground that he asks affirmative relief and has no title whatever upon which to base his claims.

The petition for review is dismissed.