### In re MORSE.

(District Court, D. Kansas, Third Division. May 15, 1912.)

#### No. 609.

1. BANKRUPTCY (§ 396*)—ASSETS—LIFE POLICY—SURRENDER VALUE.
   The surrender value of a policy on the bankrupt's life, payable to his wife as beneficiary, is a part of his estate in bankruptcy, unless exempted therefrom by state laws.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—EXEMPT PROPERTY—LIFE INSURANCE POLICY.
   Gen. St. Kan. 1901, § 3463, entitled an act to exempt the proceeds of life insurance policies and beneficiary certificates, after providing that all such policies and their reserves shall inure to the sole and separate use of the beneficiaries named therein, declares that they shall be exempt from all claims against the person whose life is insured, from all claims which the person or persons effecting the insurance and the creditors and representatives of such person or persons may make against the policy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or its proceeds, from taxation, and all claims and judgments of cred-
itors and representatives of the person or persons named in the policy.
*Held,* that the title of the act was sufficient to indicate a legislative in-
tent to exempt the proceeds of a policy to the beneficiary named therein
as against creditors of the insured, and that, since the act should be con-
strued as exempting its proceeds from liability for the payment of in-
sured's debts, the surrender value of a policy did not become a part of
insured's estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668;
Dec. Dig. § 396.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Oliver
S. Morse. On certified question by the referee as to the exemption of
certain insurance on the life of the bankrupt. Reversed.

Wm. W. Shelley, of Kansas City, Mo., and A. M. Keene and Ed. C.
Gates, both of Ft. Scott, Kan., for bankrupt.

Ewing, Gard & Gard, of Iola, Kan., for trustee.

POLLOCK, District Judge. The facts are the bankrupt, at the
date of the institution of this proceeding and of adjudication, held an
ordinary life policy on his life, issued by the United States Life In-
surance Company of New York, March 20, 1907, for $3,000; the
beneficiary named therein being his wife. This policy was scheduled
by the bankrupt among his assets and is now in the possession of his
trustee.

[1] At the date of the adjudication, under the terms of the policy
and the practice of the company issuing it, it had a surrender value of
$215.25; therefore the beneficial interest in the policy, to the extent
of such surrender value, by virtue of the provisions of section 70 of
the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565, 566 [U. S.
Comp. St. 1901, p. 3451]), passed to his trustee in bankruptcy for the
benefit of creditors, unless exempted therefrom under state laws. His-
cock v. Mertens, 205 U. S. 292, 27 Sup. Ct. 488, 51 L. Ed. 771; Hold-
en v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018; In re
Orear, 178 Fed. 632, 102 C. C. A. 78, 30 L. R. A. (N. S.) 990.

The question, therefore, presented for decision, is: Is the policy
of insurance, including its surrender value at the date of adjudication,
exempt from the payment of the debts of the bankrupt? The referee
held to the contrary. The correctness of this ruling is certified for
review.

[2] A statute of the state, in force at the date the policy was issued
and since, provides as follows:

"In case any life insurance company, fraternal order or beneficiary society
shall have issued or shall hereafter issue any policy or policies of insurance
or beneficiary certificate upon the life of an individual and payable at the
death of the assured, or in any given number of years, to any person or per-
sons having an insurable interest in the life of the assured, all such policies
and their reserves of the present value thereof shall inure to the sole and
separate use and benefit of the beneficiaries named therein, and shall be free
from the claims of the assured, and shall also be free from the claims of the
person or persons effecting such insurance, their creditors and representatives,
and shall be free from all taxes and the claims and judgments of the cred-
itors and representatives of the person or persons named in said policy or
policies of insurance." Gen. Stat. 1901, § 3463.

In so far as ascertained, this statute has received consideration from the Supreme Court of the state in but one case. Emmert v. Schmidt, 65 Kan. 31, 68 Pac. 1072. The question presented and determined in that case was the right of the beneficiary named in the beneficiary certificates issued to a member of a lodge of United Workmen and a member of a camp of Modern Woodmen to claim the proceeds of such certificates paid on the death of the member, theretofore received by the beneficiary and deposited in bank, exempt from the payment of a judgment against both the deceased member and the beneficiary named in the certificates, his wife. In passing on this question, the statute was construed, and the exemptions thereby created stated to be, as follows:

"The body of the act, after providing that all such policies and their reserves of the present value, as enumerated in the act, 'shall inure to the sole and separate use and benefit of the beneficiaries named therein,' proceeds to enumerate and classify the exemptions created. By this classification it is seen that life policies and beneficiary certificates, and their proceeds, are exempt: (1) From all claims against the person whose life is insured; (2) from all claims which the person or persons effecting the insurance and the creditors and representatives of such person or persons may make against the policy or its proceeds; (3) from taxation; (4) from all claims and judgments of creditors and representatives of the person or persons named in the policy."

Under the statute as thus construed there can be no possible contention but that it was the legislative intent in the passage of the act to exempt the contract of insurance in question in this case, including its present surrender value, to the sole use and benefit of the beneficiary named therein, his wife, freed from all debts, claims, and demands of every kind and nature held by the creditors of the assured bankrupt.

However, it was thought by the referee, as shown by his decision, the title to the act is not sufficiently broad to uphold this construction. The title reads:

"An act to exempt from legal process to beneficiaries the proceeds of life insurance policies and beneficiary certificates."

The subject and purpose of the title to a legislative act is to furnish an index to the contents of the act. While it is true the title to the act in question declares the intent of the Legislature to be to create exemptions in favor of beneficiaries named in policies of insurance, and not for the benefit of those assured thereby, yet this declared intent may be carried out in the body of the act by exempting the policy of insurance for the benefit of the beneficiary from the claims of creditors of the assured as well as the demands of creditors of the beneficiary, or any other claimant. As, therefore, the title to the act in question clearly states it to have been the legislative intent to exempt to the beneficiary named in the policy in dispute the proceeds of the policy, and as one of such proceeds thus exempted by the act from the demands of creditors of the assured bankrupt is its surrender value, sought by the trustee to be recovered for the benefit of the creditors of the bankrupt estate in his hands under the provisions of section 70 of the Bankruptcy Act, it must be held the title is broad enough to include such exemption.

Therefore, as the policy and its proceeds are not subject to the pay-

ment of such demands, but are exempted therefrom by the terms of the act, it must be held title to such proceeds did not pass to the bankrupt, but inures to the sole use and benefit of the wife as beneficiary in the policy. This exemption, made for her benefit by the terms of the act, it is clearly the duty of the court to maintain and protect under the provisions of state laws, which are by the courts regarded with favor in the protection of dependents from want arising out of the misfortunes coming to those on whom the law casts the duty of providing. In re Orear, 189 Fed. 888, 111 C. C. A. 150.

It follows the decision of the referee must be reversed, and the policy or its proceeds, including its surrender value, delivered to the beneficiary therein named by the trustee; and this regardless of the fact whether the exemption be directly asserted by the beneficiary, or asserted by the bankrupt for her protection as her representative by nature.

It is so ordered.