ROBERT H. MORSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86551.   Promulgated February 23, 1938.

*P. Michael Cook, Esq.,* for the petitioner.
*J. M. Morawski, Esq.,* for the respondent.

OPINION.

HARRON: All of the policies here in question were originally issued payable to the "Estate of the Insured", petitioner (the insured) reserving the right of revocation.

On June 24, 1932, more than two years after the policies had been fully paid up, the petitioner surrendered his reserved right of revocation and irrevocably designated his son, John, as beneficiary under policies Nos. 4269 and 4270, and his daughter, Barbara Joan, as beneficiary under policies Nos. 2190 and 4268. From that time on John and Barbara Joan unquestionably had a vested interest in the respective policies which no act of petitioner could impair without their consent. Cf. *Missouri State Life Insurance Co.* v. *California State Bank*, 216 S. W. 785; *Blum* v. *New York Life Insurance Co.*, 95 S. W. 317; *Condon* v. *New York Life Insurance Co. of New York*, 166 N. W. 452.

After the interest of the beneficiaries had been irrevocably vested and no power of revocation was reserved in the insured, neither petitioner nor anyone claiming under him, such as a judgment creditor or a receiver in bankruptcy, could force a surrender of the policy and payment of the cash surrender value without their consent, *Maurice* v. *Travelers' Insurance Co.*, 201 N. Y. S. 369; *Timayenis* v. *Union Mutual Life Insurance Co.*, 21 Fed. 223. Thereafter petitioner had no right to take the cash surrender value of the policies, the entire interest therein having passed to the named beneficiaries, cf. *D'Arcy* v. *Connecticut Mutual Life Insurance Co.*, 69 S. W. 768; *Condon* v. *New York Life Insurance Co. of New York*, supra.

Losses to be deductible must be realized and under the facts before us we hold that petitioner realized no loss on the insolvency and receivership of Old Colony Life Insurance Co. in 1932. In our view of the case it becomes unnecessary to discuss the various other contentions of the parties.

*Decision will be entered for the respondent.*