MINNESOTA MUTUAL LIFE INSURANCE CO. *v.* HENDRICK.

1. INSURANCE—SIMULTANEOUS DEATH OF INSURED AND BENEFICIARY.
   Upon the simultaneous death of insured and his wife, the beneficiary named in the policy of life insurance, the proceeds of the policy are distributed as if the insured had survived the beneficiary (Act No. 73, § 4, Pub. Acts 1941).

2. SAME—LIFE INSURANCE—DIVORCE.
   Upon divorce of insured and wife, named as beneficiary in policy of life insurance, the proceeds became payable to his estate in the absence of other disposition either by order in the decree or by affirmative designation by insured who reserved right to change the beneficiary, as the beneficiary had no vested interest in such a policy (3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939).

3. SAME—INTERPLEADER—EQUITY—DIVORCE—ADOPTION.
   On bill of interpleader by insurer against estate of deceased insured and beneficiary named in policy, now divorced from the insured, it was not inequitable that $866 proceeds of policy be awarded estate of insured' and thereby be subject to inheritance by minor son who had been adopted by the parties, where both the insured and his divorced wife had remarried.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 10, 1946. (Docket No. 53, Calendar No. 43,510.) Decided December 2, 1946.

Bill of interpleader by Minnesota Life Insurance Company against Hazel Hendrick, Earl Louis McDougal, administrator of the estate of Darlene Holcomb, deceased, and Jesse D. Holcomb, administrator of the estate of Cecil Leo Holcomb, deceased, to determine right to proceeds of life insurance policy. Decree for Jesse D. Holcomb, administrator of estate of Cecil Leo Holcomb, deceased. Defendant Hendrick appeals. Affirmed.

*John M. Dunham* and *Leon B. Buer,* for defendant Hendrick.

*John J. Smolenski,* for defendant estate of Cecil Leo Holcomb.

BUTZEL, C. J. Plaintiff insurance company filed a bill of interpleader for a judicial determination as to whom it should pay the balance of the amount due on a policy for $1,000, issued on the life of Cecil Leo Holcomb, the decedent. Jesse D. Holcomb, administrator of decedent's estate, Earl Louis McDougal, administrator of the estate of Darlene Holcomb, deceased, and Hazel Hendrick (formerly Hazel Holcomb), all claimants, were named as defendants. The insurance company paid into court the sum of $866, the balance due on the policy after the deduction of the amount due on certain loans made to the insured. The court decreed that Jesse D. Holcomb, administrator of Cecil's estate, was entitled to the amount due. Hazel Hendrick is the sole appellant.

The policy was issued to decedent in 1932, his wife, Hazel Holcomb, being named as beneficiary therein. The policy contained a clause giving the insured the right to change the beneficiary. He never exercised this right by any writing. He made a loan on the policy, and later, after his wife secured a divorce from him, he borrowed an additional amount from the insurer. He failed to pay a premium, and the policy in accordance with its terms was extended to a time subsequent to his death.

On December 12, 1942, Hazel Holcomb obtained a divorce from decedent. It was taken *pro confesso.* Their only child, a son by adoption, was 15 years of age at the time of the divorce decree. The wife testified that there was no property to be divided except a small amount of furniture which she was willing to leave with decedent. The decree contained the usual clause requiring the husband to pay $1 in full satisfaction of all claims the wife had in all property the husband had or was interested in at that time or might thereafter acquire. Defendant Hazel Holcomb thereafter married Earl Hendrick. Cecil Leo Holcomb went to live with Darlene Holcomb in a common-law marriage relationship. Darlene was the mother of three children by a former marriage. Holcomb, Darlene, and her children lost their lives in a fire which destroyed the home in which they were living.

Even if Darlene had been a beneficiary, there is sufficient evidence to show that Holcomb and Darlene did not die otherwise than simultaneously, and therefore the proceeds of any policy is distributed as if the insured had survived the beneficiary. Act No. 73, § 4, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–2 [80d], Stat. Ann. 1943 Rev. § 27.3178 [624]). The administrator of Darlene's estate has not appealed.

Hazel Hendrick, as sole appellant, contends that as she was the beneficiary in the policy, and there never was a change made, she is entitled to the proceeds. She points to the fact that after the divorce, when he secured an additional loan on the policy, he must have realized that she was still the beneficiary but did not choose to make any change. She also showed that he was insurance minded and must have thought of protecting the proper persons when subsequent to the divorce he took out a certificate under a group policy in which he first named his mother as beneficiary but later had it changed so as to name Darlene Holcomb, his wife, as beneficiary. Appellant claims that this indicates that decedent purposely did not change the beneficiary in the policy of which plaintiff was the insurer.

The trial judge, however, held in accordance with 3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12766, Stat. Ann. 1946 Cum. Supp. § 25.131).

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance * * * upon the life of the husband in which she was named or designated as beneficiary * * * whether such contract or policy was heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate."

As it was not otherwise ordered in the divorce decree, the policy became and was payable to the estate of the husband, there being no other beneficiary whom he affirmatively designated.

Appellant claims that she had an interest which became vested when the policy was taken out in 1932,

and that the subsequent act of 1939 could not act retroactively, for in that case it would have unlawfully deprived appellant of vested property rights. Appellant had no vested interest in a policy in which the insured reserved the right to change the beneficiary. *Hooten* v. *Hooten,* 230 Mich. 689; *New York Life Ins. Co.* v. *Cook,* 237 Mich. 303. Appellant stresses the case of *Blum* v. *New York Life Ins. Co.,* 197 Mo. 513 (95 S. W. 317, 8 L. R. A. [N. S.] 923, 7 Ann. Cas. 1021), reviewed in 52 A. L. R. 407. The court had under consideration the effect of a statute giving the right to change a beneficiary upon a divorce being granted. Section 7895, Revised Stat. 1899 of Missouri, was enacted long after the policy had been issued and had become paid up. The policy contained no provision giving the insured the right to change the beneficiary. The court therefore held that the wife had a vested interest in the policy. In the instant case, however, the policy distinctly gave the insured the right to change the beneficiary. There was no vested interest.

The trial judge stated that while there might be some force in the claim that the failure to designate a change in the beneficiary indicated that the insured purposely intended that his former wife remain as beneficiary, it can be argued with equal force that he made no change either because he knew or was informed that the statutory provision (3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939) made the policy payable to his estate without any further action on his part.

Appellant further claims that all of the equities are with her. With the few facts before us, we cannot say that it was inequitable that the small amount of insurance should be paid to the estate in which the son is the heir. In any case, we are bound by the statute.

Decree affirmed, with costs in favor of the administrator of the estate of Cecil L. Holcomb against appellant Hazel Hendrick.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.