STARBUCK *v.* CITY BANK AND TRUST CO.

INSURANCE—LIFE INSURANCE—BENEFICIARIES—DIVORCE—STATUTE.
Divorce judgment dissolving the marriage of now deceased life insurance policy-holder and his wife, which, in compliance with statute, severed all rights of the wife in any insurance policy on the life of the husband and provided that policy proceeds would be paid to the husband's estate or to any party affirmatively designated by him as beneficiary *held,* to require payment on the life insurance policy to the husband's estate and not to his mother as contingent beneficiary where she was made contingent beneficiary before the divorce and the decedent did not designate a new beneficiary after the divorce (CL 1948, § 552.101).

Appeal from Jackson, Charles J. Falahee, J. Submitted Division 2 January 7, 1969, at Lansing. (Docket No. 5,985.) Decided February 25, 1969. Leave to appeal granted September 9, 1969. See 382 Mich 781.

Complaint by Mary Jane Starbuck against City Bank and Trust Co., administrator *de bonis non* of the estate of John Ronald Starbuck III, deceased, for a determination of the rights of the parties under a policy of insurance on the life of John Ronald Starbuck, III. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
29A Am Jur, Insurance § 1642.

*H. A. Kinch,* for plaintiff.

*James P. Graham,* for defendant.

BEFORE: QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ.

McGREGOR, J.  Plaintiff's son purchased a life insurance policy in 1965, naming his wife as primary beneficiary and his mother, plaintiff, as contingent beneficiary.  In June, 1967, plaintiff's son and his wife obtained a divorce judgment containing the following provision severing the wife's rights as primary beneficiary, based on CL 1948, § 552.101 (Stat Ann 1957 Rev § 25.131):

"It is further ordered and adjudged that all rights of the [wife] in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the [husband] in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, shall hereupon become and be payable to the estate of the [husband], or such named beneficiary as he shall affirmatively designate."

The son died in an automobile accident in November, 1967.  He had not named a primary beneficiary to replace his divorced wife.  After the probate court appointed defendant administrator of the deceased's estate, the circuit court denied plaintiff's claim to the insurance proceeds and declared them part of the estate.

The issue presented is whether the contingent beneficiary of an insurance policy is entitled to the policy benefits following the insured's death, when

a divorce judgment severed the primary beneficiary's rights in the policy by deeming them payable to the decedent's estate or an affirmatively designated beneficiary, and the decedent did not name a new primary beneficiary after his divorce and before his death.

Plaintiff contends that, as a contingent beneficiary, she has a vested property right in the policy and is entitled to the insurance benefits after the primary beneficiary has lost her rights. Furthermore, she argues that the statute providing the basis for the divorce judgment cannot be used to subvert the policy's intent to have plaintiff receive the insurance benefits if the wife, as primary beneficiary, cannot take the proceeds.

Defendant contends that if decedent did not desire that his insurance policy be payable to his estate after his divorce, he would have indicated otherwise by affirmatively designating a new beneficiary. Since a new primary beneficiary was not named, defendant reasons that we must abide by the terms of the divorce judgment, whereby the decedent's estate is the primary beneficiary unless a new beneficiary was named. Furthermore, defendant argues that plaintiff has no vested right in the policy because it includes a provision for changing beneficiaries.

The circuit court declared the insurance proceeds payable to the estate with the following language, which we quote with approval:

"It would appear, therefore, that in order for the contingent beneficiary to take, some positive action would have had to be taken after the divorce to name her as beneficiary. The words 'shall' and 'affirmatively' as defined above would indicate *future positive action*. The insured's naming her as contingent beneficiary previously couldn't be considered to be a future positive action.

"It is my opinion, therefore, that because the primary beneficiary was living and couldn't take by

operation of law, then this court, by interpreting the same law, should determine who is entitled to the proceeds.   The law states that the estate should [take] unless there is another beneficiary named by the insured by taking positive future action to do so.   This he did not do.   Therefore, it is my determination that the proceeds should be payable to the estate."

Both the circuit court and defendant cited *Minnesota Mutual Life* v. *Hendricks* (1946), 316 Mich 253, as support for their positions.   Plaintiff argues the decision is distinguishable because the policy involved did not name a contingent beneficiary.   We agree that the absence of a contingent beneficiary distinguishes the policy from the one involved in this matter, but we also believe the distinction does not render the following reasoning inapplicable:

"As it was not otherwise ordered in a divorce decree, the policy became and was payable to the estate of the husband, there being no other beneficiary whom he affirmatively designated."   *Minnesota Mutual Life* v. *Hendricks, supra,* 256.

With or without a contingent beneficiary, the divorce judgment severed the wife's rights as primary beneficiary and directed the insurance to be payable to the decedent's estate subject to later designation of a new primary beneficiary by the insured.   Decedent died without affirmatively naming a new beneficiary, and therefore, the insurance proceeds are payable to his estate.

Affirmed.   Costs to appellee.

All concurred.